**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**Washington, DC**

| | | |
|---|---|---|
| WILLIAM H. ARMSTRONG | ) | |
| 9710 Hickoryhurst Drive | ) | |
| Baltimore, Maryland  21236 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No:  _____ |
| | ) | |
| HENRY M. PAULSON, JR., | ) | **JURY TRIAL DEMANDED** |
| Secretary of the Treasury, | ) | |
| U. S. Department of the Treasury | ) | |
| 1500 Pennsylvania Avenue, NW | ) | |
| Washington, D.C. 20220, | ) | |
| | ) | |
| RODNEY DAVIS | ) | |
| Address Unknown, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| OTHER UNNAMED PERSONS | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

William H. Armstrong, by counsel, Kevin Byrnes of Wade & Byrnes P.C., files

this Complaint alleging the following facts, violations of law and prayer for relief:

## PARTIES

1.     Plaintiff:  William H. Armstrong ("Plaintiff" or "Mr. Armstrong") was at

all times relevant to this complaint, employed as a Special Agent with the United States

Treasury Department for TIGTA, Office of Investigations ("TIGTA").

2.     Defendant:  Henry M. Paulson, Jr., is the Secretary of the Treasury for the

United States Department of the Treasury, and is by law required to be named as a

defendant. On information and belief, the Secretary has no personal knowledge of the events or facts involved in this complaint.

3.    Defendant:  Rodney A. Davis ("Mr. Davis") is employed in TIGTA's Special Inquiries and Intelligence Division ("SIID") as the Special Agent in Charge.  On information and belief, Mr. Davis engaged in intentional tortious conduct involving slander, defamation, intentional interference with prospective employment and intentional infliction of emotional distress.

4.    Defendant: "Other Unnamed Persons" are persons who are believed to have engaged in the unlawful conduct described herein, and who will be identified during discovery in this case.  Upon information and belief, these persons live and/or work at TIGTA.  Plaintiff intends to amend this complaint upon the discovery of their identities.

## VENUE AND JURISDICTION

5.    In engaging in such conduct Mr. Davis acted outside the scope of his employment and may be held individually liable, as well as liable in his professional capacity as an agent of TIGTA.

6.    Jurisdiction in this court is founded under the Privacy Act, 5 U.S.C. § 552a ("the Privacy Act").

7.    Pendent and/or supplemental jurisdiction for the defamation claims in this case which are personal torts against Mr. Davis and Other Unnamed Persons.  28 U.S.C. § 1367.

8.    Jurisdiction is appropriate in the U.S. District Court for the District of Columbia because the U.S. Department of the Treasury is a federal agency.

9.    Jurisdiction is appropriate in the U.S. District Court for the District of Columbia against Defendant Rodney A. Davis and Other Unnamed Persons because the harm suffered occurred in the District of Columbia as a result of communications dispatched, directed and/or received within the District of Columbia.

10.    Venue is proper in the U.S. District Court for the District of Columbia under 5 U.S.C. 522a(g).  Venue is otherwise proper in the U.S. District Court for the District of Columbia because the U.S. Department of the Treasury is located within the District of Columbia, and the other Defendants caused injury in the District of Columbia and are otherwise found within District of Columbia.  See 28 U.S.C. 1391(e).

## FACTS

11.    This is a lawsuit brought pursuant to the Privacy Act against members of the TIGTA's office and for slander and defamation by those officials in their individual capacity.

12.    Mr. Armstrong, a capable law enforcement agent, made the mistake of challenging the actions of Special Agent in Charge Mr. Davis, who thereafter launched a prolonged and malicious three-year campaign of harassment and retaliation designed to ruin the professional and personal reputation of Mr. Armstrong.

13.    Years ago, Mr. Armstrong and Mr. Davis were colleagues and were cordial and had a good working relationship.  On or about April, 2003, Mr. Armstrong was directed to investigate Mr. Davis based upon a report by Mr. Davis that he had lost and/or misplaced his badge and credentials.  As law enforcement agents, the loss or misplacement of a badge and/or credentials are treated as a serious matter.  Since that

investigation, the relations between Mr. Armstrong and Mr. Davis have deteriorated. Mr. Armstrong was subsequently appointed at Mr. Davis's supervisor.

14.     In the most recent round of malicious attacks, Mr. Davis and Other Unnamed Persons violated their positions as supervisors and law enforcement agents and through access to Mr. Davis' personnel records, disseminated confidential information regarding Plaintiff to potential employers under the *nome de plume* "ANONYMOUS." The "anonymous letters" detailed alleged improprieties by Mr. Armstrong.

15.     When Plaintiff, through counsel, protested these anonymous letters to TIGTA, the Agency sought to terminate Mr. Armstrong.

16.     On or about January 16, 2006, Mr. Armstrong was involved in an automobile accident while operating a government owned vehicle. He was interviewed regarding the accident in March 2006.

17.     At about that time, Mr. Armstrong was diagnosed with leukemia and took leave. Mr. Davis responded to the revelation by challenging the veracity of Mr. Armstrong's medical information, and the veracity of his diagnosis.

18.     Mr. Davis demanded confidential medical information from Mr. Armstrong well-outside the parameters permitted by law under the Rehabilitation Act of 1973, 29 U.S.C. § 793, et seq. ("the Rehabilitation Act") and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA").

19.     At about that time, Mr. Armstrong requested telecommuting as a reasonable accommodation for his leukemia.

20.    Mr. Davis summarily denied Mr. Armstrong's request for a reasonable accommodation without investigation or any good faith dialogue about reasonable accommodation.

21.    In February, 2006, Mr. Armstrong was relieved of all of his supervisory duties as a result of his use of leave.

22.    On May 1, 2006, after protest, Mr. Armstrong's duties were reinstated by TIGTA over Mr. Davis's opposition.

23.    After his duties were restored, Mr. Armstrong discovered that other similarly situated persons were permitted to telecommute as an accommodation for disabilities.

24.    On or about August 15, 2006, Mr. Armstrong approached Mr. Davis to discuss the fact that two of his subordinates had gotten married to one another, and sought Mr. Davis' counsel and advice about any potential management issue which may arise by this marriage.

25.    The next day, Mr. Davis accused Mr. Armstrong of spreading rumors and allowed a subordinate of Mr. Armstrong's to personally berate him on the issue.

26.    On or about August 25, 2006, Mr. Armstrong filed a grievance which accused Mr. Davis of improperly punishing him for an automobile accident which occurred on January 16, 2006.  Mr. Armstrong's grievance was upheld against the opposition of Mr. Davis.

27.    On or about September 13, 2006, Mr. Armstrong went to Mr. Davis to inform Mr. Davis that Mr. Armstrong would be attending a meeting in the field. Mr. Armstrong found Mr. Davis sound asleep in his office; and rather than disturb and

embarrass Mr. Davis, Mr. Armstrong went to the meeting on his own initiative. The next day Mr. Davis accused Mr. Armstrong of failing to obtain proper approval to attend the meeting.

28.    On September 18, 2006, Mr. Armstrong brought his concerns regarding the harassment by Mr. Davis, the matter of Mr. Davis' falling asleep at his desk, and other management issues to Deputy Inspector General Steven Jones ("DIG Jones").

29.    On September 26, 2006, Mr. Davis accused Mr. Armstrong of disloyalty and for his having a conversation with DIG Jones.

30.    On October 17, 2006, Mr. Davis issued an "anonymous" letter accusing Mr. Armstrong of engaging in unauthorized access to Agency computer systems. Mr. Davis then assigned himself as the reporting senior on the investigation.

31.    On October 31, 2006, Mr. Armstrong was informed he was being placed both on administrative leave and under investigation. However, Mr. Armstrong was then reassigned to the Technical Services and Firearms Division and has remained on active duty.

32.    On November 8, 2006, Mr. Davis denied that he knew Mr. Armstrong was under investigation and claimed to Mr. Armstrong that he was surprised by the allegations.

33.    On November 20, 2006, Mr. Armstrong's communications with other employees were restricted.

34.    On November 21, 2006, Agent Steven Spring ("Mr. Spring") informed Mr. Armstrong that IAD investigators were telling employees that Mr. Armstrong was under investigation. Through his representative, Mr. Armstrong protested the disclosure.

Nevertheless, additional disclosures concerning Mr. Armstrong were disseminated among TIGTA employees from November 2006, to the present.

35.     The release was not authorized by any provision of law and was done for a malicious purpose.

36.     On March 6, 2007, Assistant Inspector General for Investigations Michael Delgado ("Mr. Delgado") informed Mr. Armstrong that he could communicate only with Mr. Davis or Mr. Delgado regarding office issues.

37.     In early August, 2007, Mr. Armstrong applied for a position with the U.S. Department of Agriculture's Inspector General's Office (USDA IGO) as an Agent.

38.     At the time Mr. Armstrong applied to the USDA IOG, he was a Special Agent with TIGTA.

39.     On August 15, 2007, Mr. Armstrong was advised his application for employment with the USDA IGO was accepted, and he was advised he would begin employment on September 2, 2007.

40.     On or about August 27, 2007, and continuing over the next week, Mr. Davis and others, currently unknown, caused to be issued letters to the various components of the Department of Agriculture, which disparaged Mr. Armstrong by disclosing that he was under investigation by TIGTA and that he had committed violations of law and procedure.

41.     The submission of these letters was intended to and did interfere with Mr. Armstrong's employment with the Department of Agriculture.

## COUNT ONE:
## <u>VIOLATION OF PRIVACY ACT 5 U.S.C. § 552a</u>

42.    Paragraphs 1-41 are re-alleged and incorporated by reference as if fully set forth herein.

43.    On or about August 24, 2007, Mr. Davis and/or other persons employed by TIGTA did cause to be submitted to Phyllis Fong ("Ms. Fong"), an employee of the U.S. Department of Agriculture, confidential information subject to Privacy Act protections pertaining to Mr. Armstrong.

44.    Exhibit 1 is a true and accurate copy of the disclosure and is incorporated herein by reference.

45.    The information contained in the disclosure was information maintained by the Agency under a system of records, retrievable under the name William H. Armstrong.

46.    The disclosure was intentional and malicious and was designed to and did interfere with an offer of employment extended by the U. S. Department of Agriculture to Mr. Armstrong.

47.    As a result of the violation, Mr. Armstrong was harmed and has lost employment, suffered permanent reputational damage, has been permanently impaired in his ability to secure future employment and has suffered psychological and emotional distress as a result.

WHEREFORE, Plaintiff prays for compensatory damages in the amount of two million dollars, statutory damages as permitted under the Privacy Act, an award of all attorney fees and costs, and as well all injunctive relief against the Agency as available under the law; including, but not limited to, a correction of the records contained by

TIGTA, the expungement of all submissions to the United States Department of Agriculture as identified herein, and all other such equitable and remedial relief called for and available under the Privacy Act.

## COUNT TWO:
## VIOLATION OF THE PRIVACY ACT 5 U.S.C. § 552a

48.    Paragraphs 1-47 are re-alleged and incorporated by reference as if fully set forth herein.

49.    On or about August 24, 2007, Mr. Davis and/or other persons employed by TIGTA did cause to be submitted to the USDA, Office of Inspector General, Office of Investigations, confidential information subject to Privacy Act protections pertaining to Mr. Armstrong.

50.    Exhibit 2 is a true and accurate copy of the disclosure and is incorporated herein by reference.

51.    The information contained in the disclosure was information maintained by the Agency under a system of records, retrievable under the name William H. Armstrong.

52.    The disclosure was intentional and malicious and was designed to and did interfere with an offer of employment extended by the U. S. Department of Agriculture to Mr. Armstrong.

53.    As a result of the violation, Mr. Armstrong was harmed and has lost employment, suffered permanent reputational damage, has been permanently impaired in his ability to secure future employment and has suffered psychological and emotional distress as a result.

WHEREFORE, Plaintiff prays for compensatory damages in the amount of two million dollars, statutory damages as permitted under the Privacy Act, an award of all attorney fees and costs, and as well all injunctive relief against the Agency as available under the law; including, but not limited to, a correction of the records contained by TIGTA, the expungement of all submissions to the United States Department of Agriculture as identified herein, and all other such equitable and remedial relief called for and available under the Privacy Act.

## COUNT THREE:
## VIOLATION OF THE PRIVACY ACT 5 U.S.C. § 552a

54.     Paragraphs 1-53 are re-alleged and incorporated by reference as if fully set forth herein.

55.     On or about August 23, 2007, Mr. Davis and/or Other Unnamed Persons employed by TIGTA did cause to be submitted to Ms. Phyllis Fong of the USDA, Office of Inspector General, with copies to the USDA Hotline, USDA Northwest Region SAC, and USDA-AIG, confidential information subject to Privacy Act protections pertaining to Mr. Armstrong.

56.     Exhibit 3 is a true and accurate copy of the disclosure and is incorporated herein by reference.

57.     The information contained in the disclosure was information maintained by the Agency under a system of records, retrievable under the name William H. Armstrong.

58.     The disclosure was intentional and malicious and was designed to and did interfere with an offer of employment extended by the U. S. Department of Agriculture to Mr. Armstrong.

59.     As a result of the violation, Mr. Armstrong was harmed and has lost employment, suffered permanent reputational damage, has been permanently impaired in his ability to secure future employment and has suffered psychological and emotional distress as a result.

WHEREFORE, Plaintiff prays for compensatory damages in the amount of two million dollars, statutory damages as permitted under the Privacy Act, an award of all attorney fees and costs, and as well all injunctive relief against the Agency as available under the law; including, but not limited to, a correction of the records contained by TIGTA, the expungement of all submissions to the United States Department of Agriculture as identified herein, and all other such equitable and remedial relief called for and available under the Privacy Act.

## COUNT FOUR:
## VIOLATION OF THE PRIVACY ACT 5 U.S.C. § 552a

60.     Paragraphs 1-59 are re-alleged and incorporated by reference as if fully set forth herein.

61.     On or about August 24, 2007, Mr. Davis and/or other persons employed by TIGTA did cause to be submitted to the USDA, Office of Inspector General, Chief Counsel of the Office of Legal Counsel, confidential information subject to Privacy Act protections pertaining to Mr. Armstrong.

62.     Exhibit 4 is a true and accurate copy of the disclosure and is incorporated herein by reference.

63.     The information contained in the disclosure was information maintained by the Agency under a system of records, retrievable under the name William H. Armstrong.

64.    The disclosure was intentional and malicious and was designed to and did interfere with an offer of employment by the U. S. Department of Agriculture to Mr. Armstrong.

65.    As a result of the violation, Mr. Armstrong was harmed and has lost employment, suffered permanent reputational damage, has been permanently impaired in his ability to secure future employment and has suffered psychological and emotional distress as a result.

WHEREFORE, Plaintiff prays for compensatory damages in the amount of two million dollars, statutory damages as permitted under the Privacy Act, an award of all attorney fees and costs, and as well all injunctive relief against the Agency as available under the law; including, but not limited to, a correction of the records contained by TIGTA, the expungement of all submissions to the United States Department of Agriculture as identified herein, and all other such equitable and remedial relief called for and available under the Privacy Act.

**COUNT FIVE:**
**VIOLATION OF THE PRIVACY ACT 5 U.S.C. § 552a**

66.    Paragraphs 1-65 are re-alleged and incorporated by reference as if fully set forth herein.

67.    On or about August 23, 2007, Mr. Davis and/or Other Unnamed Persons employed by TIGTA did cause to be submitted to Special Agent in Charge Brian Haaser, USDA, OIG, Office of Investigations, confidential information subject to Privacy Act protections pertaining to Mr. Armstrong.

68.    Exhibit 5 is a true and accurate copy of the disclosure and is incorporated herein by reference.

69.    The information contained in the disclosure was information maintained by the Agency under a system of records, retrievable under the name William H. Armstrong.

70.    The disclosure was intentional and malicious and was designed to and did interfere with an offer of employment by the U. S. Department of Agriculture to Mr. Armstrong.

71.    As a result of the violation, Mr. Armstrong was harmed and has lost employment, suffered permanent reputational damage, has been permanently impaired in his ability to secure future employment and has suffered psychological and emotional distress as a result.

WHEREFORE, Plaintiff prays for compensatory damages in the amount of two million dollars, statutory damages as permitted under the Privacy Act, an award of all attorney fees and costs, and as well all injunctive relief against the Agency as available under the law; including, but not limited to, a correction of the records contained by TIGTA, the expungement of all submissions to the United States Department of Agriculture as identified herein, and all other such equitable and remedial relief called for and available under the Privacy Act.

### COUNT SIX:
### VIOLATION OF THE PRIVACY ACT 5 U.S.C. § 552a

72.    Paragraphs 1-71 are re-alleged and incorporated by reference as if fully set forth herein.

73.    On or about August 23, 2007, Mr. Davis and/or Other Unnamed Persons

employed by TIGTA did cause to be submitted to Assistant Inspector General of Investigations, USDA, OIG, Office of Investigations, confidential information subject to Privacy Act protections pertaining to Mr. Armstrong.

74.    Exhibit 6 is a true and accurate copy of the disclosure and is incorporated herein by reference.

75.    The information contained in the disclosure was information maintained by the Agency under a system of records, retrievable under the name William H. Armstrong.

76.    The disclosure was intentional and malicious and was designed to and did interfere with an offer of employment by the U. S. Department of Agriculture to Mr. Armstrong.

77.    As a result of the violation, Mr. Armstrong was harmed and has lost employment, suffered permanent reputational damage, has been permanently impaired in his ability to secure future employment and has suffered psychological and emotional distress as a result.

WHEREFORE, Plaintiff prays for compensatory damages in the amount of two million dollars, statutory damages as permitted under the Privacy Act, an award of all attorney fees and costs, and as well all injunctive relief against the Agency as available under the law; including, but not limited to, a correction of the records contained by TIGTA, the expungement of all submissions to the United States Department of Agriculture as identified herein, and all other such equitable and remedial relief called for and available under the Privacy Act.

## COUNT SEVEN:
## <u>LIBEL OF MR. DAVIS AND OTHER UNNAMED PERSONS</u>

78.    Paragraphs 1-77 are re-alleged and incorporated by reference as if fully set forth herein.

79.    On or about August 23, 2007, Mr. Davis and/or Other Unnamed Persons did cause to be disseminated defamatory statements to the employees of the U. S. Department of Agriculture which contained statements including but not limited to those statements contained in Exhibits 1, 2, 3, 4, 5, and 6, that were and are false, misleading, untrue, were sent for the purpose of impairing the ability of William H. Armstrong to secure an extended offer of employment and any future employment, and were designed to and did damage Mr. Armstrong's personal and professional reputation.

80.    The defamatory statement included an allegation that Mr. Armstrong was either under criminal investigation, had committed criminal misconduct and/or had been charged with criminal misconduct.

81.    The defamatory statements were categorically untrue and were known to be untrue or were made and/or disseminated with a reckless disregard for the truth, when made and the sender did or should have known of the truthfulness of the statements contained therein.

82.    The motivation for making these statements and/or disseminating these statements was malice toward Mr. Armstrong, and the statements were made and/or disseminated with the intent to defame Mr. Armstrong in his reputation.

83.    As a direct and/or proximate result of these statements and their dissemination, the Plaintiff's reputation was injured which caused a loss of employment and other harm to be determined by a jury.

WHEREFORE, Plaintiff requests compensatory damages and one million dollars, punitive damages in an amount of one million dollars, the payment of attorney fees and costs, and such other relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demands a trial by jury in this action of all issues so triable.

Respectfully submitted,

WILLIAM H. ARMSTRONG, Plaintiff
By Counsel

WADE & BYRNES P.C.

_____
Kevin Byrnes, DC # 480195
616 North Washington Street
Alexandria, Virginia 22314
Phone: 703-836-9030
Fax: 703-683-1543
*Counsel for Plaintiff*

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Armstrong, William H. | Paulson, Henry M. Jr., Sec'y of Treasury; Rodney Davis; Other Unnamed Persons |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Baltimore, MD | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    DC |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Kevin Byrnes 616 N Washington Street Alexandria, VA  22314 | |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
◉ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A.** *Antitrust*
☐ 410 Antitrust

○ **B.** *Personal Injury/ Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*    **OR**    ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| O  G. *Habeas Corpus/ 2255* | O  H. *Employment Discrimination* | ⊙  I. *FOIA/PRIVACY ACT* | O  J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☒ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| O  K. *Labor/ERISA (non-employment)* | O  L. *Other Civil Rights (non-employment)* | O  M. *Contract* | O  N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original    O 2 Removed    O 3 Remanded from    O 4 Reinstated    O 5 Transferred from    O 6 Multi district    O 7 Appeal to
Proceeding        from State        Appellate Court        or Reopened        another district        Litigation        District Judge
                  Court                                                         (specify)                              from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Complaint for Privacy Act Violations and Defamation

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS<br>ACTION UNDER F.R.C.P. 23 | **DEMAND $** _____ | Check YES only if demanded in complaint |
|---|---|---|---|
| | | **JURY DEMAND:** | YES ☐   NO ☐ |

**VIII. RELATED CASE(S)**      (See instruction)      YES ☐      NO ☒      If yes, please complete related case form.
**IF ANY**

DATE  *10/29/07*        SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

/.

Dear Ms. Fong,

I am writing this letter to inform you that the USDA is making a grave error by hiring Special Agent William (who goes by the name Harry) Armstrong to work in the Office of Investigations. Harry Armstrong was an Assistant Special Agent in Charge at the Treasury Inspector General for Tax Administration in Washington, D.C. until October 31, 2006 when he was escorted out of the building and forced to turn in his gun, badge, equipment, cell phone, computer and government car keys because he was under investigation for gross misconduct and integrity violations (some of them criminal). He was removed from all managerial and law enforcement duties and sent to another office where he had no access to computer systems, law enforcement sensitive information, etc.

Harry was under internal investigation for accessing sensitive law enforcement information through various databases to obtain information about subordinates, co-workers, friends and various other people for his own personal knowledge. Harry had no official need to know any of this information. He admitted to looking up information on his subordinates, co-workers, etc. Harry was under investigation for looking up ongoing investigations on other employees and passing that information along to his friends at the agency who didn't have a need to know either! At the time the USDA offered Harry a job, the investigation on him had been completed and the allegations of misconduct and integrity violations were proven to be true. At the time, the Treasury Inspector General for Tax Administration was deciding what disciplinary action (I believe termination was being considered) to take against him.

Unfortunately for the USDA, you had no idea of the serious issues of misconduct, integrity violations and unethical behavior concerning Harry and you hired him. Unfortunately for the USDA, Harry is now a liability to your agency. How can you ever have him swear out an affidavit? How can you ever have him testify in court? I can only imagine the giglio-henthorn issues he will create for the USDA. I guess it is true what they say about the government. Instead of dealing with the problem, you pass the problem onto someone else. Well I guess Harry is your problem now.

Sincerely,

A Very Concerned Person

ROUTE TO:    INT. ACTION

(b)(2)

PLAINTIFF'S
EXHIBIT
#1 -pg1

USA FIRST-CLASS FOREVER

SOUTHERN MD 207

24 AUG 2007 PM 5 L

USDA, Office of Inspector General
Room 117-W Jamie Whitten Bldg
1400 Independence Avenue SW
Washington, DC 20250
Attn: Phyllis Fong

20250+0000

PLAINTIFF'S
EXHIBIT
#1 - pg2
ALL-STATE LEGAL®

USDA, Office of Inspector General
Office of Investigations
Room 117-W Jamie Whitten Bldg
1400 Independence Avenue SW
Washington, DC 20250
Attn: Assistant Inspector General for Investigations

To Whom It May Concern:

I am writing this letter to inform you that the USDA is making a grave error by hiring
Special Agent William (who goes by the name Harry) Armstrong to work in the Office of
Investigations. Harry Armstrong was an Assistant Special Agent in Charge at the
Treasury Inspector General for Tax Administration in Washington, D.C. until October
31, 2006 when he was escorted out of the building and forced to turn in his gun, badge,
equipment, cell phone, computer and government car keys because he was under
investigation for gross misconduct and integrity violations (some of them criminal). He
was removed from all managerial and law enforcement duties and sent to another office
where he had no access to computer systems, law enforcement sensitive information,
etc.

Harry was under internal investigation for accessing sensitive law enforcement
information through various databases to obtain information about subordinates, co-
workers, friends and various other people for his own personal knowledge. Harry had
no official need to know any of this information. He admitted to looking up information
on his subordinates, co-workers, etc. Harry was under investigation for looking up
ongoing investigations on other employees and passing that information along to his
friends at the agency who didn't have a need to know either! At the time the USDA
offered Harry a job, the investigation on him had been completed and the allegations of
misconduct and integrity violations were proven to be true. At the time, the Treasury
Inspector General for Tax Administration was deciding what disciplinary action (I
believe termination was being considered) to take against him.

Unfortunately for the USDA, you had no idea of the serious issues of misconduct,
integrity violations and unethical behavior concerning Harry and you hired him.
Unfortunately for the USDA, Harry is now a liability to your agency. How can you ever
have him swear out an affidavit? How can you ever have him testify in court? I can only
imagine the giglio-henthorn issues he will create for the USDA. I guess it is true what
they say about the government. Instead of dealing with the problem, you pass the
problem onto someone else. Well I guess Harry is your problem now.

Sincerely,

A Very Concerned Person



PLAINTIFF'S
EXHIBIT
#2 - pg 1



SOUTHERN MD 207

24 AUG 2007 PM 5 T

USDA, Office of Inspector General
Office of Investigations
Room 117-W Jamie Whitten Bldg
1400 Independence Avenue SW
Washington, DC 20250
Attn: Asst IG of Investigations



202250+0C00



PLAINTIFF'S
EXHIBIT
#2-pg.2

USDA, Office of Inspector General
Room 117-W Jamie Whitten Bldg
1400 Independence Avenue SW
Washington, DC 20250

Dear Ms. Fong,

Your agency has extended an offer for employment to William Armstrong, a criminal Investigator with the Treasury Inspector General for Tax Administration. His start date is September 2, 2007.

On October 31, 2006, Mr. Armstrong was stripped of his law enforcement credentials, government computer and duty weapon and placed in an administrative status. He was removed from his position as an Assistant Special Agent in Charge and "detailed" to another office where he no longer had access to agency records, agency computer systems, case information or law enforcement databases. Mr. Armstrong was under internal investigation by his own agency for suspected violations of both a criminal and administrative nature.

As of his offer for employment by your agency, Mr. Armstrong's proposed disciplinary action was still being determined by his agency. Fortunately for Mr. Armstrong, he accepted your offer of employment and will now be able to leave his agency with an unblemished personnel record despite having been under investigation for serious integrity violations which were proven to be true.

By hiring Mr. Armstrong, your agency has opened itself up to potential liability and Giglio/Henthorn issues in the future should Mr. Armstrong ever be called to testify on behalf of your agency in a criminal or civil proceeding.

Since Mr. Armstrong has chosen to leave the Treasury Inspector General for Tax Administration while under investigation with the threat of termination hanging over his head, he did not have to disclose on any employment applications or forms that he was under investigation by his agency for serious misconduct and other violations. Had your agency known of the circumstances surrounding his departure, your agency would not have made an offer of employment to him.

If your agency chooses to conduct a background investigation or contact Mr. Armstrong's supervisor or colleagues, you will find that details of his misconduct are well known by many. Mr. Armstrong's supervisor is Special Agent in Charge, Rodney Davis. His supervisor can be reached at 202-927-7023.

Cc: USDA Hotline
USDA Northeast Region, SAC
USDA, AIGI

PLAINTIFF'S
EXHIBIT
#3-pg.1

SOUTHERN MD 207
23 AUG 2007 PM 4 L

USDA, Office of Inspector General
Room 117-W
Jamie Whitten Bldg
1400 Independence Avenue, SW
Washington, DC 20250
Attention: Phyllis Fong

20250+0000

PLAINTIFF'S
EXHIBIT
#3-pg.2
ALL-STATE LEGAL®

USDA, Office of Inspector General
Office of Legal Counsel
Room 117-W Jamie Whitten Bldg
1400 Independence Avenue SW
Washington, DC 20250
Attn: Chief Counsel

To Whom It May Concern:

I am writing this letter to inform you that the USDA is making a grave error by hiring
Special Agent William (who goes by the name Harry) Armstrong to work in the Office of
Investigations. Harry Armstrong was an Assistant Special Agent in Charge at the
Treasury Inspector General for Tax Administration in Washington, D.C. until October
31, 2006 when he was escorted out of the building and forced to turn in his gun, badge,
equipment, cell phone, computer and government car keys because he was under
investigation for gross misconduct and integrity violations (some of them criminal). He
was removed from all managerial and law enforcement duties and sent to another office
where he had no access to computer systems, law enforcement sensitive information,
etc.

Harry was under internal investigation for accessing sensitive law enforcement
information through various databases to obtain information about subordinates, co-
workers, friends and various other people for his own personal knowledge. Harry had
no official need to know any of this information. He admitted to looking up information
on his subordinates, co-workers, etc. Harry was under investigation for looking up
ongoing investigations on other employees and passing that information along to his
friends at the agency who didn't have a need to know either! At the time the USDA
offered Harry a job, the investigation on him had been completed and the allegations of
misconduct and integrity violations were proven to be true. At the time, the Treasury
Inspector General for Tax Administration was deciding what disciplinary action (I
believe termination was being considered) to take against him.

Unfortunately for the USDA, you had no idea of the serious issues of misconduct,
integrity violations and unethical behavior concerning Harry and you hired him.
Unfortunately for the USDA, Harry is now a liability to your agency. How can you ever
have him swear out an affidavit? How can you ever have him testify in court? I can only
imagine the giglio-henthorn issues he will create for the USDA. I guess it is true what
they say about the government. Instead of dealing with the problem, you pass the
problem onto someone else. Well I guess Harry is your problem now.

Sincerely,

A Very Concerned Person



24 AUG 2007 PM 2 T

USDA, Office of Inspector General
Office of Legal Counsel
Room 117-W, Jamie Whitten Building
1400 Independence Avenue, SW
Washington, DC 20250
Attention:  Chief Counsel

AUG 2 8 2007

20250+0000



ALL-STATE LEGAL®

PLAINTIFF'S
EXHIBIT

#4-Ap2

USDA OIG, Office of Investigations
Northeast Region
5601 Sunnyside Avenue
Suite 2-2230
Beltsville, MD 20705-5300

Dear Mr. Haaser,

Your agency has extended an offer for employment to William Armstrong, a criminal investigator with the Treasury Inspector General for Tax Administration. His start date is September 2, 2007.

On October 31, 2006, Mr. Armstrong was stripped of his law enforcement credentials, government computer and duty weapon and place in an administrative status. He was removed from his position as an Assistant Special Agent in Charge and "detailed" to another office where he no longer had access to agency records, agency computer systems, case information or law enforcement databases. Mr. Armstrong was under internal investigation by his own agency for suspected violations of both a criminal and administrative nature.

As of his offer for employment by your agency, Mr. Armstrong's proposed disciplinary action was still being determined by his agency. Fortunately for Mr. Armstrong, he accepted your offer of employment and will now be able to leave his agency with an unblemished personnel record despite having been under investigation for serious integrity violations which were proven to be true.

By hiring Mr. Armstrong, your agency has opened itself up to potential liability and Giglio/Henthorn issues in the future should Mr. Armstrong ever be called to testify on behalf of your agency in a criminal or civil proceeding.

Since Mr. Armstrong has chosen to leave the Treasury Inspector General for Tax Administration while under investigation with the threat of termination hanging over his head, he did not have to disclose on any employment applications or forms that he was under investigation by his agency for serious misconduct and other violations. Had your agency known of the circumstances surrounding his departure, your agency would not have made an offer of employment to him.

If your agency chooses to conduct a background investigation or contact Mr. Armstrong's supervisor or colleagues, you will find that the details of his misconduct are well known by many. Mr. Armstrong's supervisor is Special Agent in Charge Rodney Davis. His supervisor can be reached at 202-927-7023.

Cc:  USDA Hotline
     USDA, Inspector General
     USDA, AIGI





ALL-STATE LEGAL®

PLAINTIFF'S
EXHIBIT

#5-fig.2

SOUTHERN MD 207

23 AUG 2007 PM 4 T

USDA OIG, Office of Investigations
Northeast Region
5601 Sunnyside Avenue, Suite 2-2230
Beltsville, MD 20705-5300
Attention: Special Agent in Charge Brian Haaser

20705+5000

USDA OIG, Office of Investigations
Room 117-W Jamie Whitten Bldg
1400 Independence Avenue SW
Washington, DC 20250
Attention: Assistant Inspector General of Investigations

Dear Sir,

Your agency has extended an offer for employment to William Armstrong, a criminal investigator with the Treasury Inspector General for Tax Administration. His start date is September 2, 2007.

On October 31, 2006, Mr. Armstrong was stripped of his law enforcement credentials, government computer and duty weapon and place in an administrative status. He was removed from his position as an Assistant Special Agent In Charge and "detailed" to another office where he no longer had access to agency records, agency computer systems, case information or law enforcement databases. Mr. Armstrong was under internal investigation by his own agency for suspected violations of both a criminal and administrative nature.

As of his offer for employment by your agency, Mr. Armstrong's proposed disciplinary action was still being determined by his agency. Fortunately for Mr. Armstrong, he accepted your offer of employment and will now be able to leave his agency with an unblemished personnel record despite having been under investigation for serious integrity violations which were proven to be true.

By hiring Mr. Armstrong, your agency has opened itself up to potential liability and Giglio/Henthorn issues in the future should Mr. Armstrong ever be called to testify on behalf of your agency in a criminal or civil proceeding.

Since Mr. Armstrong has chosen to leave the Treasury Inspector General for Tax Administration while under investigation with the threat of termination hanging over his head, he did not have to disclose on any employment applications or forms that he was under investigation by his agency for serious misconduct and other violations. Had your agency known of the circumstances surrounding his departure, your agency would not have made an offer of employment to him.

If your agency chooses to conduct a background investigation or contact Mr. Armstrong's supervisor or colleagues, you will find that the details of his misconduct are well known by many. Mr. Armstrong's supervisor is Special Agent in Charge Rodney Davis. He can be reached at 202-927-7023.

Cc:  USDA Hotline
     USDA Northeast Region, SAC
     USDA, Inspector General



PLAINTIFF'S
EXHIBIT
#6 - pg.1
ALL-STATE LEGAL

ALL-STATE LEGAL®

PLAINTIFF'S
EXHIBIT
#6-pg2



SOUTHERN MD 207

23 AUG 2007 PM 3 T

USDA OIG, Office of Investigations
Room 117-W
Jamie L. Whitten Building
1400 Independence Avenue SW
Washington, DC 20250-2301
Attention: Asst Inspector General for
Investigations