UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

WILLIAM H. ARMSTRONG, et al., )
      Plaintiff, )
       )
v. ) Civil Action No. 1:07-cv-01963-JR
       )
HENRY M. PAULSON, JR., et al. )
      Defendant. )
       )

## MOTION TO COMPEL WITNESSES TO APPEAR FOR DEPOSITIONS

Comes now the Plaintiff, William "Harry" Armstrong, by and through counsel and hereby moves this Court for an Order compelling attendance of certain agency witnesses at previously noticed depositions. As grounds for this motion, plaintiff states as follows:

On March 26, 2008, Mr. Armstrong issued a Notice of Depositions to the following employees of the Defendant Agency:

| | |
|---|---|
| Rodney Davis<br>Assistant Special Agent in Charge<br>Washington Field Division Philadelphia | Monday, 4/28/08 – 10:00 a.m. |
| Michael Delgado<br>Assistant Inspector General for Investigations<br>Treasury Inspector General for Tax Admin. | Monday, 4/28/08 – 2:00 p.m. |
| Steven Jones<br>Deputy Inspector General | Tuesday, 4/29/08 – 10:00 a.m. |
| J. Russell George<br>Inspector General | Tuesday, 4/29/08 – 2:00 p.m. |
| Randy Silvis<br>Special Agent in Charge<br>Special Inquiries and Intelligence Division | Wednesday, 4/30/08 – 10:00 a.m. |
| Kathy Horsely<br>Director of Office of Compliance & Integrity<br>U. S. Department of Agriculture<br>Office of Inspector General, Washington, DC | Wednesday, 4/30/08 – 2:00 p.m. |

William Rock                                    Friday, 5/2/08 – 10:00 a.m.
Assistance Special Agent in Charge
Boston Field Division
Boston, Massachusetts

Robert O'Malley                                 Friday, 5/2/08 – 2:00 p.m.
Assistant Special Agent in Charge
Philadelphia Field Division

The named employees are all management officials in the Treasury Inspector General for Tax Administration (TIGTA) as referenced by their titles and as noted by the Agency itself in its now stricken Rule 26(a)(1) disclosure. Of the employees, Rodney Davis is also a named defendant, while Agents Rock & O'Malley, as part of their official duties, conducted investigations into the possibly criminal disclosures of Privacy Act protected information.

On March 27, 2008, the Agency, through Ms. Nasca, wrote Plaintiff's counsel (attached as Exhibit 1) and stated that the Agency would require subpoenas to be served on each and every employee. The Agency believes that subpoenas are required because apparently only Mr. Paulson himself is an actual party to this litigation and his managing employees and agents acting on his behalf are simply "ordinary employees," who as non-parties must be subpoenaed pursuant to Fed. R. Civ. Pro. 45.

On April 2, 2008, the undersigned wrote Ms. Nasca (attached as Exhibit 2), identifying case authority that held that a notice of deposition is sufficient to compel attendance of the agents of a party.

On April 4, 2008, Ms. Nasca responded (attached as Exhibit 3) by claiming that none of the individuals listed would be produced unless they were subpoenaed. Ms. Nasca cited no authority for her position, replying on a general reference to Rule 45

2

The deposition of a party by notice includes "managing agents" of the party or persons designated under Rule 30(b)(6). *See*, Krause v. Erie R. Co., 16 F.R.D. 126 (S.D. N.Y. 1954) (person invested with general powers to exercise judgment and discretion in his position qualifies as a managing agent; who may be noticed as opposed to subpoenaed for deposition). Government employees who constitute managing agent equivalents may be noticed for deposition pursuant to Rule 30 without a subpoena under Rule 45. *See*, 98 ALR 2d 622 ("who is a 'managing agent' of a corporate party").

The inquiry to determine whether notice is sufficient is whether the employee is testifying as an individual, on behalf of or under the direction of the employer, or where the interests of the employee are closely aligned with the employer. *See*, Warren v. U.S., 17 F.R.D. 389 (S.D. N.Y. 1955) (federal rules apply with equal force to federal government as party on issue of who is a managing agent); Murata Mfg. Co., Ltd. v. Bel Fuse, Inc., 242 F.R.D. 470 (N.D. Ill. E. Div. 2007); C. Wright & A. Miller, Federal Practice and Procedure, §§2107, 2112 (1970) (as the Agency is a party to the litigation, it is subject to the rules of discovery); United States v. Proctor & Gamble Co., 365 U.S. 677, 681 (1958); and Al Fayed v. CIA, 229 F.2d 272, 275 (C.A. D.C. 2000).

Where the government or federal agency is a party, its employees are considered party witnesses and notices are sufficient. *See*, Aaron v. U.S., 62 Fed. Cl. 50, 53 (Fed. Cl. 2004). Further, federal courts have often held that where it is accepted practice to notice an employee deponent, vice issuing a subpoena, the Courts will impose an obligation for the party to produce that deponent and will consider sanctions where the deponent is not produced. *See*, Precision Flow Technologies, Inc. v. CVD Equipment Corp., 198 F.R.D. 33 (N.D. N.Y. 2000).

It is the practice of this jurisdiction to have government employees who are requested for deposition, where the government is a party, to be noticed rather than subpoenaed.[1] This serves several ends: first, it minimizes cost and expenses to the parties; second, it avoids the difficulties attendant in serving subpoenas on secure facilities; and third, it reduces the need to obtain the private residences of employee witnesses for purposes of executing service. Thus, sound policy reasons then exist to allow federal employees to be noticed rather than subpoenaed.

In addition, the issue seldom arises because in almost all suits, such as this in which employees are named as parties or witnesses, government counsel asserts a right to represent the employee witness as a party deponent. Indeed, if the Agency counsel maintains the individuals noticed in this case are not managers, officials or allied with the defendant as a party, then conversations between Agency counsel and these employees should not raise a privilege concern and government counsel would have no standing to pose objections when the employee would be deposed. Indeed, it may be incumbent on government counsel, given the position she has taken, to advise each individual employee and Defendant Davis to secure their own counsel since they are not agents of the Defendant.

Plaintiff's counsel has reviewed case law and found no case on point to address the issue of whether federal employees appearing in their capacity as agents of the government must be served via subpoena. Counsel notes that, despite filing dozens of suits, the issue has never come up.

In administrative proceedings before the Merit Systems Protective Board or the Equal Employment Opportunity Commission, the Code of Federal Regulations imposes a duty on the Agency defendant to produce witnesses who are relevant to the proceedings. _See_, 5 C.F.R.

---

[1] Plaintiff's counsel has canvassed both Assistant U.S. Attorneys and federal practitioners, all of whom are unaware of ever requiring anything but notice to Agency deponents.

4

1201.73; 29 C.F.R. 1614.109. This makes eminent since, both in terms of cost and control, it cements the notion that Agency witnesses called for acts arising out of their employment are, in effect, party agents.

The federal courts also recognize this concept. Federal law requires designation of the head of the defendant Agency as a party even though that individual rarely has personal knowledge of the facts of the case. It is, however, presumed that the Agency acts through its agents and that they exercise the authority delegated to them by the head of the Agency.

In the instant case, every witness noticed for deposition is sought to be deposed based on conduct arising out of their status as an employee of the Treasury. Mr. Davis is named as an individual defendant because defamation is a personal tort, exempt from the Federal Tort Claims Act, and may be considered outside the scope of employment. Nevertheless, Mr. Davis is also a witness because he was Plaintiff's supervisor, and he is part and parcel of the Privacy Act claims, as well as the defamation claim.[2] The remaining witnesses are also sought in their official capacities as agents of the Treasury for conduct arising from their authority to direct other employees or from their ability to gather or access information by virtue of their position. These individuals clearly occupy a position as persons who may be compelled to attend a deposition by notice.

The Agency cites no legitimate reason not to produce the named deponents, who it also claims are witnesses. This is because the Agency's sole purpose in opposing the depositions is to make them more difficult to conduct and hopefully run the clock on the Plaintiff due to the short discovery period ordered by the Court. The Agency is simply being obstructionist and is exercising bad faith to drive up the cost for Plaintiff of holding depositions, while at the same

---

[2] Particularly, since Plaintiff alleges Defendant Davis personally committed the Privacy Act violation.

5

time hoping to ensnare the Plaintiff in the thicket that occurs when a party seeks to have a subpoena served on federal law enforcement agents working in secure facilities.

The Agency also objects to having Agents Rock and O'Malley appear for depositions in the District of Columbia. The actions these agents undertook, however, occurred in the District by virtue of the Agency directing them to the District for the specific purpose of investigating Mr. Armstrong's allegation. This is not the case of a party then seeking to haul witnesses from far off jurisdictions to a locale where they have no nexus. Instead, Plaintiff seeks to have these witnesses produced in the District because they undertook their conduct here for the sole reason of gathering evidence on Plaintiff's claims.

Plaintiff is, however, prepared to depose these witnesses in Boston and Philadelphia if the Court rules in the Agency's favor. These Agents should, however, be required, or the Agency should be required, to produce all the records requested by Plaintiff in his notice.

Plaintiff remains troubled over the tactics shown by the Agency, which seems personally interested in blocking Mr. Armstrong from determining who maligned him to the Department of Agriculture. The Agency's actions are petty, harassing and seem borne out of ill will. Plaintiff believes there is no valid basis for the Agency to take the position it now holds other than to inflict hardship and expense. Plaintiff, therefore, asks the Court rule that the Agency must make the noticed employees available for deposition, preferably in the District of Columbia or at Plaintiff's law office in Falls Church, Virginia. Plaintiff also requests this Court impose costs and fees against the Agency as a sanction pursuant to Rule 37, as Plaintiff should not have to bear the costs of preparing, filing and presenting the instant motion.

Respectfully submitted,

WILLIAM ARMSTRONG
*Plaintiff by Counsel*

**GRAD, LOGAN & KLEWANS, P.C.**

/s/ Kevin Byrnes
_____
Kevin Byrnes, DC Bar #480195
3141 Fairview Park Drive, Suite 350
Falls Church, VA 22042
Firm Telephone: 703-548-8400
Direct Line: 703-535-5393
Facsimile: 703-836-6289
kbyrnes@glklawyers.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of April, 2008, a true copy of the foregoing Motion to Compel Witnesses to Appear for Depositions was delivered by filing and entering the same upon the electronic court filing website of the United States District Court of the District of Columbia, to the attention of Defendant's counsel, as follows:

Gerald A. Role, Esq.
Trial Attorney, Tax Division
U. S. Department of Justice
P. O. Box 227
Washington, DC 20044
Telephone: (202) 307-0461
Facsimile: (202) 514-9641
gerald.a.role@usdoj.gov
*Counsel for Defendant*

/s/ Kevin Byrnes
_____
Kevin Byrnes, DC Bar #480195
GRAD, LOGAN & KLEWANS, P.C.
3141 Fairview Park Drive, Suite 350
Falls Church, VA 22042
Firm Telephone: 703-548-8400
Direct Line: 703-535-5393
Facsimile: 703-836-6289
Email: kbyrnes@glklawyers.com
*Counsel for Plaintiff*



U.S. Department of Justice

Tax Division

*Civil Trial Section, Eastern Region*

APR 02 2008

---

CMNasca: dlb
5-16-4247
CMN 2008100489

*Post Office Box 227*
*Washington, DC 20044*

*Telephone: (202) 514-9641*
*Telecopier: (202) 514-6866*

March 27, 2008

Kevin E. Byrnes
Wade and Byrnes, P.C.
616 North Washington St.
Alexandria, VA 22314

      Re:   William H. Armstrong v. Henry M. Paulson Jr., et.al.,
             <u>No. 1:07-cv-1963 JR   (USDC D. D.C.)</u>

Dear Mr. Byrnes:

    I am writing in response to your notice of depositions, dated March 26, 2008.

    The government will not produce Rodney Davis, even though he is a named party in this lawsuit, because he has not been served with the summons and complaint. None of the other individuals listed in your notice will be produced because they are not parties to this lawsuit. If you wish to examine them, you must serve each of them with a subpoena. Additionally, if you wish to examine Mr. Rock or Mr. O'Malley, you must serve them with proper subpoenas issued from Boston or Philadelphia, respectively. The government is under no obligation to transport non-parties to the area.

    As far as your request for any documents relating to agents Rock and O'Malley's investigation of your client, those documents do not belong to those agents, but rather, are in the possession and control of TIGTA.

    If you have any questions, you may reach me at (202)514-9641. Thank you.

                                                     Sincerely yours,

                                                     CARLY NASCA
                                                     Trial Attorney
                                          Civil Trial Section, Eastern Region

# Exhibit 1

LAW OFFICES
## GRAD, LOGAN & KLEWANS, P.C.
SUITE 350
3141 FAIRVIEW PARK DRIVE
FALLS CHURCH, VIRGINIA 22042

TELEPHONE
(703) 548-8400
FACSIMILE
(703) 836-6289

E-MAIL
glklawyers@glklawyers.com
WEBSITE
WWW.GLKLAWYERS.COM

April 2, 2008

**Via U.S. Mail and Facsimile – (202) 514-6866**
Carly Nasca, Esq.
Civil Trial Section, Eastern Region
U. S. Department of Justice
P. O. Box 227
Washington, DC 20044

Re:   William H. Armstrong v. Henry Paulson, et al.

Dear Ms. Nasca:

This responds to your letter of March 27, 2008, which was received by this office on April 2, 2008, in which you state we are required to subpoena each of the individual employees of the Agency whom we intend to depose, and your refusal to produce such witnesses for the noticed deposition dates.

As I stated to you over the telephone, notice to a party (and the agents of that party) is all that is required to compel attendance at a deposition. You stated in response that your "supervisor," whom you would not name, told you to require us to obtain subpoenas.

Your position is contrary to well-established law. A notice issued by a plaintiff is all that is required to compel the attendance of a party of their officers or agents. See, Monks v. Marlinga, 923 F.2d 423, 426 (6th Cir. 1991) (Nelson J. concurring); In re Honda, 106 B.R. 209 (Bkrtcy. D. Hawaii, 1989); Continental Federal S&L Association v. Delta Corp., D.C., 71 F.R.D. 697, 699(2) (1976); and Collins v. Wayland, 13 F.2d 677 (9th Cir. 1944).

Your refusal to produce witnesses for deposition is obstructive and frankly sanctionable. This is to advise you that unless you withdraw your position in writing by 4:00 p.m. on Friday, April 4, 2008, we will move the Court for an order directing attendance of the witnesses and seeking costs.

# Exhibit 2

Carly Nasca, Esq.
April 2, 2008
Page 2

      We believe also that since the Agency brought Agents Rock and O'Malley to Washington, D.C. to conduct their investigations, it is appropriate and cheaper to depose them here in Washington, D.C. Therefore, you are asked to reconsider that position by Friday at 4:00 p.m., April 4, 2008. We reserve the right at that time to request court assistance on this issue as well.

      We are concerned that the Agency's positions are little more than an attempt to annoy, embarrass and harass Mr. Armstrong, and are designed merely to drive up the costs of this litigation. We see no other purpose for the Agency seeking to block depositions of its agents.

      We are also disturbed by the cavalier and dismissive attitude exhibited to date by Agency counsel, which includes the submission of a Rule 26 statement that contained patent falsehoods and which was filed more to defame Mr. Armstrong than to properly advise the Court. Since verbal discussions with you on such matters have not produced resolution or action, we ask that you restrict future communications to us in writing.

      Sincerely,

      Kevin Byrnes

KB/sp
cc: Harry Armstrong



U.S. Department of Justice

Tax Division

*Civil Trial Section, Eastern Region*

---

CMNasca:dlb
5-16-4247
CMN 2008100489

*Post Office Box 227*
*Washington, DC 20044*

Telephone: (202) 514-9641
Telecopier: (202) 514-6866

April 4, 2008

VIA FAX (703)836-6289
Kevin Byrnes
Grad, Logan, and Kelwans, P.C.
Suite 350
3141 Fairview Park Drive
Falls Church, VA 22042

Re: William H. Armstrong v. Henry M. Paulson Jr., et. al.,
No. 1:07-cv-1963 JR (USDC D. D.C)

Dear Mr. Byrnes:

I am writing in response to your April 2, 2008 letter. The government will not produce non-party witnesses without a subpoena. The United States is not a named party in this action. However, even if it were, the caselaw you have cited in your letter only requires the attendance of managing officers or agents. The individuals you have named in your deposition notice are ordinary employees, and therefore the government is under no obligation to produce them for examination without the service of subpoenas. Additionally, the government stands by its position that under Rule 45, it is not under any obligation to transport individuals from out of state to the District of Columbia for examination.

In response to your concern and motion regarding the government's disclosures under Rule 26(a), we submit that none of the information contained in the disclosures was in violation of any prior settlement agreement. However, in order to address your concern over the public nature of our filing of the disclosures, we are willing to enter into a consent order to have them removed from the Court's record. We will also amend any reference to your having already received copies of memoranda prepared by Agents Rock and O'Malley, as we understand that TIGTA has not, in fact, provided you with those documents.

Sincerely yours,

*Carly Nasca*

CARLY NASCA
Trial Attorney
Civil Trial Section, Eastern Region

# Exhibit 3

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

WILLIAM H. ARMSTRONG, et al.,  )
    Plaintiff,  )
      )
v.  )  Civil Action No. 1:07-cv-01963-JR
      )
HENRY M. PAULSON, JR., et al.  )
    Defendant.  )
      )

## ORDER

This matter having come before the Court on this _____ day of April, 2008, and based upon the submissions and arguments of counsel and for good cause shown it is hereby:

ORDERED that the Plaintiff's Motion to Compel Witnesses to Appear for Deposition is granted; and the Agency shall produce all named witnesses for deposition on either the date cited by Plaintiff or a date on which the Plaintiff agrees to set the deposition.

IT IS FURTHER ORDERED that the Agency is to pay all costs associated with the Plaintiff's Motion and require all witnesses noticed to be deposed in the metropolitan area of the District of Columbia, as scheduled.

IT IS FURTHER ORDERED that the Plaintiff shall prepare a bill of costs within ten days of this Order.

_____
JAMES ROBERTSON, JR.
UNITED STATES DISTRICT JUDGE