IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM H. ARMSTRONG,<br>9710 Hickoryhurst Drive<br>Baltimore, MD 21236,<br><br>   Plaintiff,<br> v.<br><br>HENRY M. PAULSON, JR.<br>Secretary of the Treasury,<br>U.S. Department of the Treasury<br>1500 Pennsylvania Avenue<br>Washington, DC 20220,<br><br>   and<br><br>RODNEY DAVIS,<br>1125 15th Street, NW, Suite 700A<br>Washington, DC 20005<br><br>   and<br><br>OTHER UNNAMED PERSONS,<br>Addressed Unknown<br><br>   Defendants. | )<br>)<br>) No. 1:07-cv-01963-JR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ANSWER OF HENRY M. PAULSON JR. & RODNEY DAVIS TO FIRST AMENDED COMPLAINT

Defendants Henry M. Paulson Jr. and Rodney Davis, through undersigned counsel, respond as follows to plaintiff's complaint:

FIRST DEFENSE

3432571.2

Plaintiff has failed to state a claim against defendants upon which relief can be granted under the Privacy Act, 5 U.S.C. § 552a.

## SECOND DEFENSE

Any disclosures of information by defendants were authorized under 5 U.S.C. § 552a(b).

## THIRD DEFENSE

Any disclosures of information by defendants that were not authorized under 5 U.S.C. § 552a(b), were not intentional or willful.

## FOURTH DEFENSE

Individuals are not proper party defendants in a Privacy Act lawsuit. Defendants are not opposed to the substitution of the Treasury Inspector General for Tax Administration ("TIGTA") as the proper party defendant to counts one through and including six in this case.

## FIFTH DEFENSE

Rodney Davis was acting within the scope of his employment at all times relevant to this lawsuit and therefore is not a proper party defendant to the tort claims contained in this lawsuit. Defendants are not opposed to the substitution of the United States as the proper party defendant to counts seven, through and including, twelve in this case.

## SIXTH DEFENSE

Plaintiff is not entitled to a jury trial in a Privacy Act lawsuit.

## SEVENTH DEFENSE

Plaintiff is not entitled to a jury trial with respect to the tort claims in the complaint, under the Federal Tort Claims Act.

## EIGHTH DEFENSE

Plaintiff is not entitled to punitive damages under the Privacy Act.

NINTH DEFENSE

Plaintiff is not entitled to punitive damages with respect to the tort claims in the complaint, pursuant to the Federal Tort Claims Act.

TENTH DEFENSE

Plaintiff is not entitled to attorneys' fees or costs.

ELEVENTH DEFENSE

Plaintiff has failed to exhaust his administrative remedies with respect to the tort claims because he has not filed any administrative claims regarding any of the alleged torts as required by the Federal Tort Claims Act.

TWELFTH DEFENSE

The Court does not have jurisdiction over the claims of libel (count seven), false light(count ten) and intentional interference with prospective employment/contractual relations claim (count twelve) because 28 U.S.C. § 2680(h) retains sovereign immunity with respect to these claims.

THIRTEENTH DEFENSE

FOR THEIR FURTHER DEFENSE, defendants Henry M. Paulson Jr. and Rodney Davis respond to the numbered paragraphs of plaintiff's complaint as follows:

1.     Admitted.

2. Admitted that Henry Paulson Jr. is the Secretary of the Treasury and that he has no personal knowledge of the events or facts involved in the complaint. Denied that he is a proper party defendant in this case.

3. Admitted that at all times relevant to this lawsuit Rodney Davis was the Special Agent in Charge for the Office of Investigation's Strategic Inquiries and Intelligence Division. The remaining allegations contained in paragraph 3 of plaintiff's complaint are denied.

4. Defendants lack sufficient information or knowledge to admit or deny.

5. Denied.

6. Admitted that jurisdiction exists for counts one through six, inclusive; deny that jurisdiction exists for count seven.

7. Denied.

8. Denied.

9. Denied.

10. Admitted that venue is appropriate; the remaining allegations contained in paragraph 10 of plaintiff's complaint are denied.

11. Admitted that counts one through six are brought pursuant to the Privacy Act; admitted that count seven is brought on a claim of slander and defamation; the remaining counts of paragraph 11 of plaintiff's complaint are denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Admitted.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Admitted.

25. Denied.

26. The allegations contained in the first sentence of paragraph 26 of plaintiff's complaint are admitted; the remaining allegations contained in paragraph 26 of plaintiff's complaint are denied.

27. Denied.

28. Admitted that plaintiff raised issues with Deputy Inspector General Steven Jones. Denied the remaining allegations contained in paragraph 28 of plaintiff's complaint.

29. Denied

30. Denied.

3432571.2                                5

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Admitted.

37. Admitted that plaintiff applied for a position with the U.S. Department of Agriculture. Defendants are without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 37 of plaintiff's complaint.

38. Admitted.

39. Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraph 39 of plaintiff's complaint.

40. Denied.

41. Denied.

42. Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 41, above.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 47, above.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 53, above.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 59, above.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 65, above.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 71, above.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 77, above.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 83, above.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Defendants are without sufficient information or knowledge to admit or deny the allegation that the "'investigation' therefore, caused Mr. Armstrong emotional distress," and deny that any action taken by them were designed to do so.

94. Denied.

95. Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 94, above.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Defendants are without sufficient information or knowledge to admit or deny the allegation that a reasonable person would determine that the submission of the letters in such circumstances can and would cause emotional distress even were it not specifically intended to do so.

102. Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 101, above.

103. Denied.

104. Defendants are without sufficient information or knowledge to admit or deny the allegation that "the information was published; that is , it was written and conveyed to third parties.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Defendants are without sufficient information or knowledge to admit or deny the allegation that "a reasonable person would find such statements highly offensive."

110. Denied.

111. Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 110, above.

112. Denied.

113. Defendants' deny these allegations, except with respect to the allegation that if the matters referred to in paragraph 113 were disclosed, it "would be highly offensive to the ordinary and reasonable person," defendants answer that they are without sufficient information or knowledge to admit or deny this allegation.

114. Denied.

115. Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 114, above.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Defendants admit that Mr. Sutkus and Ms. Thompson were Mr. Armstrong's subordinates. Defendants are without sufficient information or knowledge to admit or deny that Mr. Sutkus and Ms. Thompson had intense personal animus towards Mr. Armstrong.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

WHEREFORE, defendants Henry M. Paulson Jr. and Rodney Davis pray that this Court:

A. Dismiss this action with prejudice; and

B. Award such other and further relief as is just and proper in the circumstances.

Date: July 17, 2008.

      /s/ Carmen M. Banerjee
GERALD A. ROLE, D.C. Bar No. 415274
CARMEN M. BANERJEE
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephones: (202) 307-0461
              (202) 307-6423
gerald.a.role@usdoj.gov
carmen.m.banerjee@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

    IT IS CERTIFIED that the foregoing defendants' ANSWER OF HENRY M. PAULSON JR. & RODNEY DAVIS TO PLAINTIFF'S FIRST AMENDED COMPLAINT was caused to be served upon plaintiff's counsel on the 17th day of July, 2008, by filing and entering the same upon the electronic court filing website of the United States District Court for the District of Columbia.

                                                        /s/ Carmen M. Banerjee
                                                        CARMEN M. BANERJEE

3432571.2