IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM H. ARMSTRONG, | ) |
| | ) No.  1:07-cv-01963-JR |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HENRY M. PAULSON, JR., | ) |
| RODNEY DAVIS, and | ) |
| OTHER UNNAMED PERSONS, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS INDIVIDUAL DEFENDANT RODNEY
DAVIS & SUBSTITUTE UNITED STATES, AND TO DISMISS INDIVIDUAL
DEFENDANT HENRY M. PAULSON AND COUNTS SEVEN, TEN & TWELVE OF
THE FIRST AMENDED COMPLAINT**

DEFENDANTS, Henry M. Paulson and Rodney Davis, by and through their

attorneys, move the Court:

1.     pursuant to 5 U.S.C. § 552a(g)(4), to dismiss defendant Davis from counts

one through six of the first  amended complaint, and substitute in his

stead the United States Treasury Inspector for Tax Administration

(TIGTA), and to the extent damages may be awarded, the United States;

2.     pursuant to 28 U.S.C. § 2679 (1988), to dismiss defendant Davis from

counts seven through twelve of the amended complaint and to substitute

in his stead the United States of America.

3.     pursuant to the allegations in the first  amended complaint (Am.

Compl.¶2) that "[o]n information and belief, the Secretary [Henry

Paulson] has no personal knowledge of the events or facts involved in this complaint," dismiss defendant Paulson from all counts contained therein; and

4.    pursuant to 28 U.S.C. §§ 1346(b), 2680(h), dismiss counts seven, ten, and twelve.

As grounds for this motion, defendants state first that a Privacy Act action under 5 U.S.C. § 552a can proceed only against the United States insofar as it provides that the United States shall be liable for damages when the court has determined that the agency acted in an intentional or willful manner. 5 U.S.C. § 552a(g)(4). Second, actions alleging other torts by Federal employees, such as defamation and intentional interference with contractual relations, can proceed only against the United States, so long as the Federal employee in question was acting within the scope of his employment. Upon certification that the employee was acting within the scope of his employment, the Court is bound to dismiss the Federal employee and substitute in his stead the United States. The United States attorney for this district has certified that defendant Davis was acting within the scope of his employment as an employee of the United States at the time of the incidents of which plaintiff complained.

Plaintiff concedes Secretary Henry M. Paulson is not truly a defendant in the instant matter. First, plaintiff states that he named Paulson merely because plaintiff believed he was technically required to name the Secretary as a defendant. Second, plaintiff alleges that he believes the Secretary does not personally know of the events or

facts contained in his complaint.  Therefore, Paulson should be dismissed from all counts in this action.

Finally, the United States is immune from suit on libel, injurious falsehood, and intentional interference with prospective contractual relations torts pursuant to 28 U.S.C. § 2680(h) and relevant decisional law.  Plaintiff claims that the defendants committed the torts of libel, false light, and intentional interference with prospective contractual relations.  Therefore, the counts containing the allegations as to these torts must be dismissed.

The specific relief sought in this motion is an order dismissing Rodney Davis from all counts in this action with prejudice and substituting TIGTA as the sole defendant in the first through sixth claims for relief set forth in the amended complaint, substituting the United States as the sole party defendant in the seventh through twelfth claims, and dismissing Henry M. Paulson with prejudice from all claims in this action.  Defendants also seek an order dismissing the libel, false light, and intentional

/     /     /

/     /     /

/     /     /

/     /     /

interference with prospective contractual relations claims, counts seven, ten, and twelve.

Date:  August 6, 2008.                    Respectfully submitted,


                                          __/s/ Carmen M. Banerjee_____
                                          GERALD A. ROLE, D.C. Bar No. 415274
                                          CARMEN M. BANERJEE, D.C. Bar No. 497678
                                          Trial Attorneys, Tax Division
                                          U.S. Department of Justice
                                          P.O. Box 227
                                          Washington, D.C. 20044
                                          Telephone:    (202)307-0461
                                                        (202) 514-9641
                                          gerald.a.role@usdoj.gov
                                          carmen.m.banerjee@usdoj.gov


OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing defendants' MOTION TO DISMISS

INDIVIDUAL DEFENDANT RODNEY DAVIS & SUBSTITUTE UNITED STATES,

AND TO DISMISS INDIVIDUAL DEFENDANT HENRY M. PAULSON AND COUNTS

SEVEN, TEN & TWELVE OF THE FIRST AMENDED COMPLAINT was caused to be

served upon plaintiff's counsel on the 6th day of August, 2008, by filing and entering

the same upon the electronic court filing website of the United States District Court for

the District of Columbia.

/s/ Carmen M. Banerjee
CARMEN M. BANERJEE

3473929.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM H. ARMSTRONG, | ) | |
| | ) | No.   1:07-cv-01963-JR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HENRY M. PAULSON, JR., | ) | |
| RODNEY DAVIS, and | ) | |
| OTHER UNNAMED PERSONS, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS & AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS INDIVIDUAL
DEFENDANT RODNEY DAVIS & SUBSTITUTE UNITED STATES, AND TO
DISMISS INDIVIDUAL DEFENDANT HENRY M. PAULSON AND COUNTS
SEVEN, TEN & TWELVE OF THE FIRST AMENDED COMPLAINT**

STATEMENT

Plaintiff commenced this action by the filing of a complaint on October 30, 2007.

Defendants Henry M. Paulson and Davis filed and served a timely joint answer on

January 14, 2008.  On June 26, 2008, plaintiff filed and served its motion to amend its

complaint; on this same day, the Court granted the motion and plaintiff filed his first

amended complaint (amended complaint).  The original complaint contains seven

counts; the amended complaint incorporates these seven counts and adds counts eight

through twelve.  On July 17, 2008, defendants filed and served their answer to the

amended complaint, and the Court held a pre-trial conference during which it set the trial for August 25, 2008.

Counts One Through Six.  The first six claims for relief set out in the amended complaint alleges violations of, and seeks recovery under, the Privacy Act, 5 U.S.C. § 552a.  (Compl. ¶¶ 42-77.)  Plaintiff  alleges that:  (1) Davis and or other unnamed persons caused six letters to be submitted to a prospective employer of plaintiff; (2) the United States Treasury Inspector General for Tax Administration (TIGTA) maintained in its system of records the information contained in each of the letters; (3) the information was confidential; (4) the disclosure of the confidential information was intentional and malicious; and (5) plaintiff was harmed as a result of the disclosure of confidential information.  Plaintiff seeks monetary and injunctive relief on all six counts.

Counts Seven through Twelve.  The seventh claim for relief set forth in the amended complaint alleges that Davis and/or other persons committed the tort of libel by sending six letters containing defamatory statements about plaintiff's professional reputation to his prospective employer.  (Am. Compl. ¶¶ 78-83.)  The eighth count alleges, that unspecified individuals, including defendant Davis:  (1) caused the letters subject of counts one through six to be disseminated; (2) launched a pre-textual investigation of plaintiff after the instant litigation was commenced; (3) these two acts were designed to cause plaintiff emotional distress and to otherwise intentionally inflict emotional distress; and (4) these acts inflicted emotional distress on plaintiff.  (Am. Compl. ¶¶ 84-94.)

The amended complaint's ninth claim alleges that TIGTA employees negligently inflicted emotional distress on plaintiff by their:  (1) dissemination of the six letters; and (2) launching a pre-textual investigation of plaintiff after the instant litigation was commenced; it also alleges that a reasonable person would determine that these acts would cause emotional distress.  (Am. Compl. ¶¶ 95-101.)  Count ten alleges that: (1) the information in the letters presented plaintiff in a false light in that he was incapable or unqualified to perform his job at TIGTA; (2) the letters were written and transmitted to third parties; (3) the information was transmitted so as to become public knowledge; and; (4) a reasonable person would find the statements in the letters offensive.  (Am. Compl. ¶¶ 102-110.)[1]

The eleventh claim alleges that the information in the six letters was publicly disclosed, that the information would be offensive to the ordinary and reasonable person, and that the disclosure was done for the purpose of reporting embarrassing facts about the plaintiff.  (Am. Compl. ¶¶ 111-114; *see, infra* n. 1.)  The twelfth claim of the amended complaint alleges that:  (1) Davis knew that plaintiff had an employment contract with a prospective Federal government employer; (2) Davis and other TIGTA employees sent the six letters to it; and (3) the TIGTA employees' transmission of the

---

[1] Counts ten and eleven do not expressly state whether the allegations therein pertain to Davis and/or, unspecified TIGTA employees, and/or TIGTA as an agency. Given that these allegations involve the six letters subject of the Privacy Act claims -the first six counts- and these counts allege that either Davis and/or other TIGTA employees committed the acts complained of, defendants posit that Davis is named as a defendant as to claims ten and eleven.

letters was designed to, and did interfere with, plaintiff's prospective and/or contractual employment with the Federal employer.  (Am. Compl. ¶¶ 115-130.) Plaintiff seeks monetary relief from the seventh, eighth, ninth, tenth, eleventh, and twelfth claims contained in the amended complaint.

The United States Attorney, on July 25, 2008, certified that Davis acted within the scope of his employment during the time of the incidents alleged in the amended complaint.  Moreover, as plaintiff alleges, the purported offensive actions occurred by Davis violating "his position[ ] as supervisor[ ] and law enforcement agent[ ] through access to ... personnel records...."  (*See* Am. Compl. ¶ 14, which is re-alleged and incorporated into every count in the amended complaint.)  Plaintiff further alleges in paragraph 3 of the amended complaint that Davis was employed as a Special Agent with the United States Department for TIGTA, Office of Investigations, and there is no dispute that Davis was plaintiff's supervisor at the time of the alleged incidents.

Defendants now move the Court to dismiss:  (1) defendant Davis with respect to counts one through six of the amended complaint and substitute in his stead the United States Treasury Inspector for Tax Administration (TIGTA), and to the extent damages may be awarded, the United States pursuant to 5 U.S.C. § 552a(g)(4); (2) defendant Davis from counts seven through twelve of the amended complaint, and to substitute in his stead the United States of America with respect to these counts pursuant to 28 U.S.C. § 2679; (3) Secretary Henry Paulson from all twelve counts; and (4) counts seven, ten, and twelve of the amended complaint pursuant to 28 U.S.C.  § 2680(h).

<u>SUMMARY OF THE ARGUMENT</u>

TIGTA is the only proper party to a claim for relief on counts one through six under the Privacy Act, and to the extent damages are awarded, the United States. 5 U.S.C. §§ 552a, 552a(g)(4). Therefore, the Court must dismiss defendant Davis from, and add TIGTA to, these counts of the complaint. The United States is the only proper party to claims based on the torts subject of counts seven through twelve when the requirements under 28 U.S.C. § 2679 have been met. The Court must dismiss defendant Davis from counts seven, eight, nine, ten, eleven, and twelve of the amended complaint and substitute the United States in his stead in such counts because this statutory requirement has been met. Finally, Secretary Paulson, as plaintiff alleges, does not have personal knowledge of the facts and events pertaining to this case. Accordingly, he ought to be removed as a defendant in this action.

The claims based on the torts of libel, false light, and intentional interference with contractual relations must be dismissed when the requirements under 28 U.S.C. §§ 1346(b), 2680(h) have been met. These requirements have been met. Therefore, the Court must dismiss these claims contained in the amended complaint.

5

<u>ARGUMENT</u>

I.    **INDIVIDUAL DEFENDANTS DAVIS AND PAULSON MUST BE DISMISSED FROM THIS ACTION BECAUSE THEY ARE IMPROPER PARTIES.**

    A.    **The United States Treasury Inspector General for Tax Administration (TIGTA) Is the Proper Party as to the First Six Claims Pursuant to the Privacy Act.**

Agencies, and not individuals are the proper parties in Privacy Act actions.  *See e.g.*, *Doe v. Naval Air Station, Pensacola*, 768 F.2d 1229, 1233 (11th Cir. 1985) (where the Court affirmed the trial court's dismissal of the individual defendant from the Privacy Act action).  Section 552a(g)(1) authorizes a civil action alleging any violation of 5 U.S.C. § 552a to be brought against the agency, and section 552a(g)(4) provides that the United States shall be liable for damages.

Counts one through six allege Davis violated the Privacy Act under 5 U.S.C. § 552a.  The United States Treasury Inspector for Tax Administration (TIGTA) , as the subject agency, is the sole proper defendant in this action under section 552a and *Naval Air Station*.  Therefore, the Court should dismiss defendant Davis and add TIGTA as to the first six claims for relief contained in the amended complaint.

    B.    **The United States Is the Proper Party As to Counts Seven Through Twelve Pursuant to the Westfall Act.**

Under 28 U.S.C. § 2679(b)(1), the United States is the proper party in a tort suit seeking recovery for injury to or loss of property or injury to a person allegedly resulting from the negligent or wrongful act or omission of any employee of the United

States, with certain exceptions not applicable here.  Specifically, section 2679(b)(1)

provides that:

> The remedy against the United States provided by sections
> 1346(b) and 2672 of this title for injury or loss of property, or
> personal injury or death arising or resulting from the
> negligent or wrongful act or omission of any employee of
> the Government while acting within the scope of his office or
> employment is exclusive of any other civil action or
> proceeding for money damages by reason of the same
> subject matter against the employee whose act or omission
> gave rise to the claim or against the estate of such employee.
> Any other civil action or proceeding for money damages
> arising out of or relating to the same subject matter against
> the employee or the employee's estate is precluded without
> regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1).  In *Council on American Islamic Relations v. Ballenger*, the court of

appeals affirmed the lower court's dismissal of a congressman, who allegedly

committed libel,  as defendant and substituted the United States in his place based upon

section 2679.  *Council on American Islamic Relations v. Ballenger,* 444 F.3d 659 (D.C. Cir.

2006).

    The United States is the only proper party defendant to the seventh, eighth,

ninth, tenth, eleventh, and twelfth claims, pursuant to 28 U.S.C. § 2679.  Davis and/or

other individuals are alleged to be employees of TIGTA who committed negligent or

wrongful acts, specifically: (1) count seven alleges Davis committed libel against

plaintiff through the disclosure of six letters; (2) count eight alleges that unspecified

TIGTA employees violated the Federal Tort Claims Act by intentionally inflicting

emotional distress on plaintiff; (3) count nine alleges that unspecified TIGTA officials

committed negligent infliction of emotional distress on the plaintiff; (4) count ten alleges that the six letters disseminated false offensive information about the plaintiff; (5) count eleven alleges that this dissemination amounts to the common law tort of invasion of privacy; and (6) count twelve alleges that Davis intentionally interfered with plaintiff's prospective employment/contractual relations.   If Davis was acting within the scope of his employment at the time of the incidents complained of here, it  follows that, pursuant to section 2679(b)(1), this Court lacks subject matter jurisdiction over him . *Aviles v. Lutz*, 887 F.2d 1046, 1048 (10th Cir. 1989).

> • ***The Court Does Not Have Discretion to Deny Dismissal of Davis As to Counts Seven through Twelve.***

Courts lack discretion to refuse to dismiss individual defendants who are alleged to have committed the acts complained of within the scope of their employment with the Federal government; they must substitute the United States for the individuals. *Aviles v. Lutz, supra*.  "Where the attorney general certifies that the employees were acting within the scope of their employment at the time of the alleged mishap, the individual defendants must be dismissed from suit ***."  *Id.  See also, Council on American Islamic Relations v. Ballenger,* 444 F.3d 659, 662 (D.C. Cir. 2006) (where the court stated that the attorney general's certification constitutes *prima facie* evidence that the Federal government employee acted within the scope of employments, citing *Kimbro v. Velton,* 30 F.3d 1501, 1509 (D.C. Cir. 1994)).  Expressly, section 2679(d)(1) provides that:

> Upon certification by the Attorney General that the
> defendant employee was acting within the scope of his office

> or employment at the time of the incident out of which the
> claim arose, any civil action or proceeding commenced upon
> such claim in a United States district court *shall* be deemed
> an action against the United States under the provision of
> this title and all references thereto, and the United States
> *shall* be substituted as the party defendant.

28 U.S.C. § 2679(d)(1) (emphasis added); *Ballenger,* 444 F.3d 659 at 662.  The mandatory

language of the statute requires courts to substitute individual defendants who have

acted within the scope of their Federal employment for the United States.  28 U.S.C. §

2679(d)(1).  Indeed, "[o]nce the attorney general decides under subsection (d)(1) to

certify an action, the substitution of the United States as a defendant does not admit of

discretion."  *Aviles v. Lutz*, 887 F.2d at 1049.  United States Attorneys' delegates are

authorized to make the scope of employment certification provided for in section 2679.

28 C.F.R. §§ 15.3, 15.4.  The consequence of the substitution of an individual defendant

for the United States is that the suit will be governed by the Federal Tort Claims Act.  28

U.S.C. §§ 1346(b), 2679-2680.  *Ballenger,* 444 F.3d 659 at 662.

In this case, the United States Attorney, through his delegate, has certified that

defendant Davis was acting within the scope of his employment.  Specifically, he has

certified that defendant Davis "was acting within the scope of his employment as an

employee of the United States at the time of" the incidents complained of in this suit.

(Ex. A, Cert. Under 28 U.S.C. § 2679; *see supra*, p.4, additional facts about Davis' scope of

employment.)

9

It is therefore submitted that the Court must dismiss defendant Davis and substitute the United States as defendant in his stead in connection with counts seven through twelve of the complaint.

### C.    Secretary Henry M. Paulson Must Be Removed as a Defendant from All Counts.

Plaintiff concedes Secretary Henry M. Paulson is not truly a defendant in the instant matter.  First, plaintiff states that he named Paulson merely because he believed naming Paulson as a defendant was a technical requirement.   Second, plaintiff alleges that he believes the Secretary does not personally know of the events or facts contained in his amended complaint.  Finally, plaintiff has failed to set forth any legal basis for naming Paulson as a defendant.  Therefore, Paulson should be dismissed from all counts in this action.

## II.    THE COURT SHOULD DISMISS PLAINTIFF'S LIBEL, FALSE LIGHT, AND INTENTIONAL INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS CLAIMS BECAUSE THEY ARE BARRED BY THE FEDERAL TORTS CLAIMS ACT.

The United States has waived its immunity via the Federal Torts Claims Act for torts of its employees), but it has retained immunity with respect to the torts of libel, intentional interference with contractual relations, and false light.  28 U.S.C. § 2680(h); *Council on American Islamic Relations v. Ballenger,* 444 F.3d 659 (D.C. Cir. 2006);  *Art Metal-U.S.A., Inc. v. United States*, 753 F.2d 1151.  Generally, the district courts have jurisdiction over civil claims against the United States involving employees of the

10

Federal government acting within the scope of their employment.  28 U.S.C. § 1346(b).[2]

The Federal Torts Claims Act, wherein the Federal government's waiver to be sued is

contained, states in relevant part:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

*     *     *     *     *

28 U.S.C. § 2674.  The government's waiver permitting it to be sued is limited as to

certain torts, however, under section 2680(h).  Section 2680(h) states, in relevant part:

"The provisions of this chapter and section 1346(b) of this title shall not apply to–(h)

Any claim *arising* out of ... libel, slander, misrepresentation, deceit, or interference with

contracts...." (Emphasis added.)  Therefore, if a tort claim falls within one of these

exceptions, the district court lacks subject matter jurisdiction to adjudicate it.  28 U.S.C.

§ 2680(h); *Council on American Islamic Relations v. Ballenger,* 444 F.3d 659, 661 (D.C. Cir.

2006); *Rojas v. United States of America,* 600 F. Supp. 652, 655 (D.P.R. 1987).

### A.     The Libel and Injurious Falsehood Tort Claims Must Be Dismissed Pursuant to Section 2680(h).

Courts have dismissed the torts of libel and injurious falsehood pursuant to

section 2680(h).  *Ballenger,* 444 F.3d 659 (libel); *Art Metal-U.S.A., Inc. v. United States*, 753

---

[2] The United States Attorney for this district has certified that Davis acted within the scope of his employment during the incidents relating to the alleged claims of libel, intentional interference with contractual relations, false light, and the other torts.  (*See supra,* Part I.B, discussion on Davis' scope of employment.)

F.2d 1151 (injurious falsehood as a claim arising out of libel); *Rojas,* 600 F. Supp. 652, 656 (where the court held, "certainly plaintiff's libel, slander, and defamation claims fall squarely within the exception in 2680(h) and must be dismissed."). *Ballenger* involved an organization that sued a congressman alleging that his statement that the organization was a fund-raising arm for a terrorist group was defamatory. In *Ballenger,* the court affirmed dismissal of the libel count based upon section 2680(h).

The *Art Metal-U.S.A* case was about a manufacturing-federal contractor who sued the United States after the General Services Administration (GSA) suddenly refused to award future contracts to *Art Metal-U.S.A.* GSA based its refusal, in part, on newspaper articles that accused *Art Metal-U.S.A.* of certain failures and abuses; GSA officials and employees were the newspapers' named and unnamed sources. Injurious falsehood is among the torts *Art Metal-U.S.A.* included in its complaint. The court agreed with the lower court's reasoning that the injurious falsehood claim arose out of the tort of libel, which is encompassed in section 2680(h); accordingly, it affirmed the court's dismissal of the injurious falsehood claim. *Art Metal-U.S.A.,Inc.,* 753 F.2d at 1155.

Similarly, the plaintiff here alleges that defendant Davis defamed him by disseminating six letters to the United States Department of Agriculture-plaintiff's prospective employer (libel, count seven), and the letters depicted him in a false light, including that he was incapable and/or unqualified to perform his job, and that he had committed serious integrity violations (false light, count ten). The tort of injurious

falsehood is a claim that alleges a defendant publicized false statements, and that these statements financially harmed a plaintiff's property or product. *Art Metal-U.S.A.,Inc.*, 753 F.2d at 1155 n.6. The allegations pertaining to the false light claim here are similar in nature to the injurious falsehood claim in *Art Metal-U.S.A.,Inc.*, and therefore the false light claim also arises from the tort of libel. Section 2680(h), *Ballenger*, and *Art Metal-U.S.A.*, therefore, warrant the dismissal of the libel and false light claims in the instant action.

**B.      The Intentional Interference with Prospective Employment/Contractual Relations Tort Claims Must Be Dismissed Pursuant to Section 2680(h).**

The *Art Metal-U.S.A.* court also dismissed a federal tort claim based on the tort of interference with plaintiff's prospective economic advantage. *Art Metal-U.S.A., Inc. v. United States*, 753 F.2d 1151. In *Art Metal-U.S.A.,Inc.*, the court affirmed dismissal of the interference with prospective economic advantage and injurious falsehood claims based upon section 2680(h)). *Art Metal-U.S.A.,Inc.*, 753 F.2d at 1155 (the court clarified that section 2680(h) was applicable even though the expected economic advantage there was prospective rather than contractual).

Similarly, plaintiff here alleges that the alleged dissemination of the six letters interfered with his employment in the job the USDA had offered him (intentional interference with prospective contractual relations, count twelve). Section 2680(h) and *Art Metal-U.S.A.*, therefore, require the dismissal of the intentional interference with prospective contractual relations claim in the instant action.

13

<u>CONCLUSION</u>

It is the position of defendants that the motion to dismiss individual defendant

Davis and add TIGTA, and to the extent damages may be awarded, the United States,

as to the Privacy Act Claims, and dismiss Davis and substitute him with United States

as to the federal tort claims, ought to be granted; its motion to remove individual

defendant Paulson; and to dismiss the libel, false light, and intentional interference with

prospective contractual relations claims ought to also be granted.


Date: August 6, 2008.                               Respectfully submitted

                                                    /s/ Carmen M. Banerjee
                                                    GERALD A. ROLE,  D.C. Bar No. 415274
                                                    CARMEN M. BANERJEE, D.C. Bar No. 497678
                                                    Trial Attorneys, Tax Division
                                                    U.S. Department of Justice
                                                    P.O. Box 227
                                                    Ben Franklin Station
                                                    Washington, D.C. 20044
                                                    Telephone:    (202)307-0461
                                                                  (202) 514-9641
                                                    gerald.a.role@usdoj.gov
                                                    carmen.m.banerjee@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney


3473920.1                                14

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing defendants' MOTION TO DISMISS

INDIVIDUAL DEFENDANT RODNEY DAVIS & SUBSTITUTE UNITED STATES,

AND TO DISMISS  INDIVIDUAL DEFENDANT HENRY M. PAULSON AND

COUNTS SEVEN, TEN & TWELVE OF THE FIRST AMENDED COMPLAINT was

caused to be served upon plaintiff's counsel on the 6th day of August  by filing and

entering the same upon the electronic court filing website of the United States District

Court for the District of Columbia.

/s/ Carmen M. Banerjee
CARMEN M. BANERJEE

3473920.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

WILLIAM H. ARMSTRONG, )
)  No.  1:07-cv-01963-JR
Plaintiff, )
)
v. )
)
HENRY M. PAULSON, JR., *et al.*, )
)
Defendants. )

## WESTFALL CERTIFICATION

I, Rudolph Contreras, Chief of the Civil Division, Office of the United States
Attorney for the District of Columbia, acting pursuant to the provisions of 28 U.S.C.
§ 2679(d), and by virtue of the authority delegated to the United States Attorney by 28
C.F.R. § 15.4, and first redelegated to me on March 20, 2006, hereby certify that I have
read the first amended complaint in William H. Armstrong v. Henry M. Paulson, Jr., et
al., now pending in the United States District Court for the District of Columbia, Civil
Division, No. 1:07-cv-01963 JR (original complaint filed October 30, 2007; amended
complaint filed June 26, 2008),  and on the basis of the information now available with
respect to the incidents alleged therein, I find that defendant Rodney Davis was acting
within the scope of his employment as an employee of the United States at the time of
such alleged incidents.

DATE: July 25 2008.

RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney
Chief, Civil Division

3050997.1

DEFENDANTS' EXHIBIT A

3486861.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

WILLIAM H. ARMSTRONG,    )
    ) No.  1:07-cv-01963-JR
    )
             Plaintiff,    )
    )
               v.    )
    )
HENRY M. PAULSON, JR.,    )
RODNEY DAVIS, and    )
OTHER UNNAMED PERSONS,    )
    )
    )
             Defendants.    )

ORDER

Having considered defendants' motion to dismiss defendant Rodney Davis from

this action and to substitute in his place the United States Treasury Inspector General

for Tax Administration (TIGTA) as to counts one through six, and with the United

States in counts seven through twelve, to dismiss Secretary Henry M. Paulson from all

counts, and to dismiss counts seven, ten, and twelve of the first amended complaint,

together with the memorandum of points and authorities in support thereof, and

having further considered plaintiff's opposition thereto, it is this _____ day of

_____, 2008, at Washington, D.C.,

ORDERED that defendants' motion to dismiss defendant Rodney Davis from this
action and to substitute TIGTA and/or the United States in his stead in counts one
through six be and is GRANTED;

ORDERED that defendants' motion to dismiss defendant Rodney Davis from this
action and to substitute United States in his stead in counts seven through twelve be
and is GRANTED;

3473936.1

ORDERED that defendants' motion to dismiss defendant Henry M. Paulson from this action be and is GRANTED;

ORDERED that defendants' motion to dismiss counts seven, ten, and twelve of the first amended complaint be and is GRANTED; and it is further;

ORDERED that defendants Rodney Davis and Henry M. Paulson be and are DISMISSED from this action with prejudice; and it is further;

ORDERED that the United States be and is SUBSTITUTED for Rodney Davis as the defendant in counts one through six of the first amended complaint; and it is further;

ORDERED that the United States of America be and is SUBSTITUTED for Rodney Davis as the defendant in counts seven through twelve of the first amended complaint; and it is further;

ORDERED that counts seven, ten, and twelve of the first amended complaint be and are dismissed with prejudice; and it is further;

ORDERED that the Clerk shall distribute conformed copies of this order to the representatives of the parties listed below.

_____
JAMES ROBERTSON
United States District Judge

3473936.1

**APPENDIX TO PROPOSED ORDER PURSUANT TO L. Civ. R. 7(k).**

The following attorney is entitled to be notified of the entry of the order in the matter entitled *William H. Armstrong v. Davis, et al.*, Case No. 1:07-cv-01963 JR:

Kevin E. Byrnes
Grad, Logan & Kewans
3141 Fairview Park Drive - Suite 350
Falls Church, Virginia  22042
E-mail:  kbyrnes@glklawyers.com

3473936.1