UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM H. ARMSTRONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-cv-01963-JR |
| ) | |
| HENRY M. PAULSON, JR., et al. ) | |
| Defendants. ) | |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS RODNEY DAVIS AND SUBSTITUTE UNITED STATES
AND TO DISMISS INDIVIDUAL DEFENDANT HENRY M. PAULSON
AND COUNTS SEVEN, TEN AND TWELVE OF FIRST AMENDED COMPLAINT:
AND PLAINTIFF'S CROSS-MOTION FOR SANCTIONS**

Plaintiff William H. Armstrong, by counsel, hereby files his Memorandum in Opposition to Defendants' Motion to Dismiss Rodney Davis and Substitute United States and to Dismiss Individual Defendant Henry M. Paulson and Counts Seven, Ten and Twelve of First Amended Complaint: and Plaintiff's Cross-Motion For Sanctions; and for grounds states as follows:

**INTRODUCTION**

Counts One through Six of this action seek relief and damages under the Privacy Act, 5 U.S.C. §552a, based on allegations that Defendant Rodney Davis and/or other unnamed persons caused six defamatory "anonymous" letters containing confidential agency records to be sent to the prospective employer of the Plaintiff, i.e., the U. S. Department of Agriculture. Counts Seven through Twelve of the First Amended Complaint also seek damages against Mr. Davis and those other unnamed persons for libel, intentional infliction of emotional distress under the Federal

Tort Claims Act, negligent infliction of emotional distress, false light, invasion of privacy and intentional interference with prospective employment/ contractual relations.

By their Motion, the Defendants move the Court to: (1) dismiss Defendant Davis with respect to Counts One through Six of the First Amended Complaint and substitute in his stead the United States Treasury Inspector General for Tax Administration ("TIGTA"), and to the extent damages may be awarded, the United States pursuant to 5 U.S.C. §552a (g) (4); (2) dismiss Defendant Davis from Counts Seven through Twelve of the First Amended Complaint, and to substitute in his stead the United States of America with respect to these counts pursuant to 28 U.S.C. §2679; (3) dismiss Secretary Henry Paulson from all twelve counts; and (4) dismiss Counts Seven, Ten and Twelve of the First Amended Complaint pursuant to 28 U.S.C. §2680(h).

The Plaintiff opposes the Motion and asks this Court to deny the Motion, except that the Plaintiff has no objection to dismissing Defendant Rodney Davis as an individual defendant to the Privacy Act claims and adding the United States as a defendant to those claims. Plaintiff also seeks its attorneys' fees incurred in filing this opposition under Rule 11 of the Federal Rules.

## SUMMARY OF PLAINTIFF'S ARGUMENT

There is no basis for this Court to dismiss Defendant Rodney Davis from any non-Privacy Act counts, i.e. Counts Seven through Twelve of the First Amended Complaint. In their zeal, the Defendants have conveniently ignored a U.S. Supreme Court decision and a recent decision of the Court of Appeals for this Circuit which directly contradict their position that this Court supposedly lacks discretion to review the scope of employment certification by the U. S. Attorney General's Office. In fact, this Court has such discretion. As a result, there is no basis to substitute the United States for Defendant Davis in Counts Seven through Twelve; and, thus, there is no basis to dismiss any of those counts under The Federal Tort Claims Act.

2

As for Counts One through Six, the Plaintiff agrees that the Privacy Act prohibits an "agency" from disclosing certain protected records. However, there is no dispute that Mr. Paulson, as Secretary to the Treasury, is the head of the U. S. Department of the Treasury, the "agency" overseeing the United States Treasury Inspector General for Tax Administration ("TIGTA"). Therefore, Plaintiff believes it has complied with the Privacy Act, by naming Mr. Paulson as a pro forma defendant in this case, since his agency violated the Privacy Act. On the other hand, as referenced above, the Plaintiff has no objection to dropping Mr. Davis as a named defendant from the Privacy Act counts, Counts One through Six, since he is not an "agency," and substituting the United States as a defendant to those counts.

Plaintiff also requests that this Court award him attorneys' fees incurred in filing this opposition, because the Defendants have grossly misstated the law on the effect of certification under the Westfall Act.

## LEGAL STANDARDS

The Defendants have not specified the applicable Federal Rule(s) under which they seek to have the various counts dismissed. Therefore, the Plaintiff assumes that the Defendants are relying on either Rule 12 (b) (6) or Rule 56, Summary Judgment. Both standards are provided below.

## Rule 12 (b) (6)

Under Rule 12 (b) (6) of the Federal Rules of Civil Procedure, the Court is required to "accept the allegations of the Complaint as true, draw all inferences in the Plaintiff's favor and [dismiss] only if it is clear that no relief could be grated under any set of facts that could be proven consistent with the allegations." Broudy v. Mather, 460 F. 3d 106, 116 (D.C. Cir 2006). Thus, this Court need only find "any set of facts… consistent with the allegations" of the instant

Amended Complaint and find that relief could be granted by those facts to deny the Motion to Dismiss under Rule 12 (b) (6).

## Summary Judgment

Under Rule 56, summary judgment is available only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). Material facts are those that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party seeking summary judgment must demonstrate an absence of a genuine issue of material fact. Celotex Corp. v. Vatrett, 477 U.S. 317, 323 (1986). The non-moving party is "granted the benefit of all reasonable evidentiary inferences that can be known in his favor." Majano v. United States, 469 F. 3d 138, 140 (D.C. Cir 2006).

## ARGUMENT

### A. The Defendants have Misstated the Law on Certification.

The Defendants seek to have Mr. Davis dismissed as a defendant from Counts Seven through Twelve and substitute the United States in those counts on the basis that Mr. Davis was allegedly acting within the scope of his employment. However, the Defendants have grossly misstated the law on the effect of certification of scope of employment. In their Memorandum, they state: "The Court Does Not Have Discretion to Deny Dismissal of Davis As To Counts Seven Through Twelve" (Def. Mem. at 8). They argue further that "where the attorney general certifies that the employees were acting within the scope of their employment at the time of the alleged mishap, the individual defendants must be dismissed from suit..." quoting from Aviles v. Lutz, 887 F. 2d 1046, 1048 (10th cir. 1989) (Def. Mem. at 8).

4

Unfortunately, the Defendants have failed to inform this Court that <u>Aviles v. Lutz</u> was overruled on that exact issue in <u>Gutierrez de Martinez v. Lamagno</u>, 515 U.S. 417, 437 (1995).[1] In that case the Supreme Court ruled that the Court <u>does</u> have discretion to overrule the certification: "The statute is fairly construed to allow petitioners to present to the District Court their objections to the Attorney General's scope of employment certification, and we hold that construction the more persuasive one." <u>Accord Rasul v. Myers</u>, 512 F. 3d 644, 655 (D.C. Cir. 2008):

> [T]he Attorney General's certification "does not conclusively establish as correct the substitution of the United States as defendant in place of the employee." It constitutes "prima facie evidence that the employee was acting within the scope of his employment."

<u>Rasul</u>, <u>supra</u>, quoting from <u>Gutierrez de Martinez</u> and <u>Council on American Islamic Relations v. Ballenger</u>, 444 F. 3d 659, 662 (D.C. Cir. 2006).

Accordingly, Mr. Contreras' certification in the instant case that Mr. Davis was "acting within the scope of his employment" when he allegedly sent six anonymous and defamatory letters to the U. S. Department of Agriculture containing the confidential agency records pertaining to Plaintiff in violation of the Privacy Act, thereby committing both criminal acts and civil violations, is most certainly subject to a challenge by the Plaintiff that Mr. Davis was not within the scope of his employment. And this Court has the statutory discretion to overrule the certification. Mr. Contreras' certification is merely prima facie evidence.

Furthermore, whether an employee is, in fact, acting within the scope of his employment is almost always an issue of fact to be determined at trial. Under District of Columbia law,

---

[1] The Plaintiff, by his counsel, contacted counsel for the Government prior to filing this opposition and informed them of their failure to properly cite the U.S. Supreme Court in <u>Gutierrez de Martinez</u> and the U.S. Court of Appeals for the D.C. Circuit in <u>Rasul</u> and requested the Government to withdraw the motion. The Justice Department declined that invitation even though it acknowledged the failure. As a result, Plaintiff seeks his attorneys' fees in filing this opposition under Rule 11 of the Federal Rules.

5

"scope of employment questions are generally viewed as questions of fact best resolved by a jury." Majano v. United States, 469 F. 3d 138, 140 (D.C. Cir 2006) (citing cases). Furthermore, "on the infrequent occasions when courts have resolved scope of employment questions as a matter of law, either by summary judgment or directed verdict, it has generally been to hold that the employee's actions was *not* within the scope of her employment...." Majano at 141. (Italics in original.)

Under District of Columbia law, "the moment the agent turns aside from the business of the principal and commits an independent trespass, the principal is not liable. The agent is not then acting within the scope of his authority in the business of the principal, but in furtherance of his ends." Majano at 142, quoting from Schecter v. Merch. Home Delivery, Inc., 892 A. 2d 415, 427 (D.C. 2006) "The key inquiry is the employee's intent at the moment the tort occurred." Majano supra. See also Jordan v. Medley, 711 F. 2d 211, 216 (D.C. Cir 1983) (Nature of the tort permits the imputation of a purely personal motivation); Penn Cent. Transp. Co. v. Reddick, 398 A. 2d 27 ("The outrageous quality of an employee's act may well be persuasive in considering whether his motivation was purely personal.").

Plaintiff contends that Mr. Davis' actions were so outrageous in this case that, as a matter of law, he was not acting within the scope of his employment. Nevertheless, even if this Court has any doubt that Mr. Davis was acting within the scope of his employment when he: sent out the six anonymous letters contain confidential agency records; defamed Mr. Armstrong; intentionally inflicted emotional distress on Mr. Armstrong; invaded Mr. Armstrong's privacy; instructed other TIGTA officials to conduct a phony investigation into the six anonymous letters, knowing all along that he (Davis) had sent the letters; and maliciously interfered with Mr.

Armstrong's employment agreement with the Department of Agriculture, all of these issues should be resolved by evidence at the trial of this case, which is scheduled for August 25, 2008.

### B. Secretary Paulson is a Proper Defendant

The Defendants move to dismiss Secretary Paulson as a defendant and instead substitute TIGTA and the United States as the "proper" defendants for all six counts under the Privacy Act. The Defendants cite no law in support of this position except for the overall Privacy Act itself, 5 U.S.C. §552a. However, under the Act, "agency" is defined as "any executive department, military department, Government corporation,… or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. §552 (f) (1). Plaintiff believes that the Secretary of the Treasury, Mr. Paulson, as head of the U.S. Department of Treasury, is a proper and required nominal party to represent that agency, since there is no specific reference in the Privacy Act on whom to serve and whom to name as the defendant.

On the other hand, Plaintiff has no objection to, and consents to, naming the United States as an additional party defendant to the six Privacy Act counts, under 5 U.S.C. §552 (g) (4), in accordance with the Defendants' request.

### CONCLUSION

For the reasons presented, the Plaintiff William H. Armstrong asks this Court to: (1) deny the Defendants' Motion to Dismiss Rodney Davis as a defendant to Counts Seven through Twelve; (2) deny the Defendants' Motion to Substitute the United States as a defendant to Counts Seven through Twelve; (3) Deny the Defendants' Motion to Dismiss Secretary Paulson as a defendant to Counts One through Six.

The Plaintiff has no objection to: dismissing individual defendant Rodney Davis from the Privacy Act Counts, One through Six; or adding the United States as an additional defendant to the Privacy Act Counts, Counts One through Six or; adding the Treasury Inspector General for Tax Administration ("TIGTA") as an additional defendant to the Privacy Act Counts, Counts One through Six.

Respectfully submitted,

WILLIAM H. ARMSTRONG,
By Counsel

**GRAD, LOGAN & KLEWANS, P.C.**

/s/
Kevin Byrnes, DC Bar #480195
Francis X. McCullought, DC Bar #350918
3141 Fairview Park Drive, Suite 350
Falls Church, VA 22042
Telephone: (703) 548-8400
Facsimile: (703) 836-6289
*Counsel for Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of August, 2008, a true copy of the foregoing Memorandum in Opposition to Defendants' Motion to Dismiss Individual Rodney Davis and Substitute United States and To Dismiss Individual Defendant Henry M. Paulson and Counts Seven, Ten and Twelve of First Amended Complaint: and Plaintiff's Cross-Motion For Sanctions was delivered by electronic email to the attention of Defendants' counsel, as follows:

Gerald A. Role, Esq.
Trial Attorney, Tax Division
U. S. Department of Justice
P. O. Box 227
Washington, DC 20044
Telephone: (202) 307-0461
Facsimile: (202) 514-9641
gerald.a.role@usdoj.gov
*Counsel for Defendants*

                                                  /s/ Kevin Byrnes

                                      Kevin Byrnes, DC Bar #480195
                                      GRAD, LOGAN & KLEWANS, P.C.
                                      3141 Fairview Park Drive, Suite 350
                                      Falls Church, VA 22042
                                      Firm Telephone: 703-548-8400
                                      Direct Line: 703-535-5393
                                      Facsimile: 703-836-6289
                                      Email: kbyrnes@glklawyers.com
                                      *Counsel for Plaintiff*

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM H. ARMSTRONG,      ) | |
|                     ) | |
|     Plaintiff,           ) | |
|                     ) | |
| v.                             ) | Civil Action No. 1:07-cv-01963-JR |
|                     ) | |
| HENRY M. PAULSON, JR., et al.  ) | |
|     Defendants.       ) | |

## ORDER

Having read and considered the Defendants' Motion to Dismiss Individual Defendant Rodney Davis and Substitute United States and To Dismiss Individual Defendant Henry M. Paulson and Counts Seven, Ten and Twelve of the First Amended Complaint, Plaintiff's Opposition, and Defendants' Reply thereto, and the record herein, it is, this _____ day of _____, 2008,

**ORDERED**, that the Defendants' Motion be, and the same hereby is, **DENIED**. And it is further

**ORDERED**, that the Plaintiff's Cross-Motion For Sanctions is **GRANTED**; and Defendants shall pay the Plaintiff's reasonable attorneys fees incurred in opposing the Defendants' Motion.

 

_____
JAMES ROBERTSON
Judge, United States District Court for
the District of Columbia