IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM H. ARMSTRONG, | ) |
| 9710 Hickoryhurst Drive | ) |
| Baltimore, MD 21236, | ) No.  1:07-cv-01963-JR |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| HENRY M. PAULSON, JR. | ) |
| Secretary of the Treasury, | ) |
| U.S. Department of the Treasury | ) |
| 1500 Pennsylvania Avenue | ) |
| Washington, DC 20220, | ) |
| | ) |
| and | ) |
| | ) |
| RODNEY DAVIS, | ) |
| 1125 15th Street, NW, Suite 700A | ) |
| Washington, DC 20005 | ) |
| | ) |
| and | ) |
| | ) |
| OTHER UNNAMED PERSONS, | ) |
| Addressed Unknown | ) |
| | ) |
| Defendants. | ) |

DEFENDANTS' PRE-TRIAL STATEMENT

Statement of the Case.

Plaintiff is a former employee of Treasury Inspector General for Tax

Administration (TIGTA).  Rodney Davis was plaintiff's supervisor at the time of the

alleged incidents.  The main allegations upon which all counts are based are that

Rodney Davis:  (a) was employed as a Special Agent with the, Office of Investigations,

3526639.1

and (b) sent letters to the United States Department of Agriculture (USDA)- a prospective employer of the plaintiff- containing confidential information, which resulted in the plaintiff losing the job with the USDA. The Court has jurisdiction only over the six Privacy Act claims pursuant to 5 U.S.C. § 552a.

Statement of Claims Made by the Party.

Defendants do not have a statement of claims because they have not filed a counter-claim in the case. Defendants set forth plaintiff's claims, however, to facilitate the Court's understanding of defendants' statement of defenses raised.

Counts One Through Six. The first six claims for relief set out in the amended complaint alleges violations of, and seeks recovery under, the Privacy Act, 5 U.S.C. § 552a. (Compl. ¶¶ 42-77.) Plaintiff alleges that: (1) Davis and or other unnamed persons caused six letters to be submitted to a prospective employer of plaintiff; (2) the United States Treasury Inspector General for Tax Administration (TIGTA) maintained in its system of records the information contained in each of the letters; (3) the information was confidential; (4) the disclosure of the confidential information was intentional and malicious; and (5) plaintiff was harmed as a result of the disclosure of confidential information. Plaintiff seeks monetary and injunctive relief on all six counts.

Counts Seven through Twelve. The seventh claim for relief set forth in the amended complaint alleges that Davis and/or other persons committed the tort of libel by sending six letters containing defamatory statements about plaintiff's professional

3526639.1

reputation to his prospective employer.  (Am. Compl. ¶¶ 78-83.)  The eighth count alleges, that unspecified individuals, including defendant Davis:  (1) caused the letters subject of counts one through six to be disseminated; (2) launched a pre-textual investigation of plaintiff after the instant litigation was commenced; (3) these two acts were designed to cause plaintiff emotional distress and to otherwise intentionally inflict emotional distress; and (4) these acts inflicted emotional distress on plaintiff.  (Am. Compl. ¶¶ 84-94.)

The amended complaint's ninth claim alleges that TIGTA employees negligently inflicted emotional distress on plaintiff by their:  (1) dissemination of the six letters; and (2) launching a pre-textual investigation of plaintiff after the instant litigation was commenced; it also alleges that a reasonable person would determine that these acts would cause emotional distress.  (Am. Compl. ¶¶ 95-101.)  Count ten alleges that: (1) the information in the letters presented plaintiff in a false light in that he was incapable or unqualified to perform his job at TIGTA; (2) the letters were written and transmitted to third parties; (3) the information was transmitted so as to become public knowledge; and; (4) a reasonable person would find the statements in the letters offensive.  (Am. Compl. ¶¶ 102-110.)

The eleventh claim alleges that the information in the six letters was publicly disclosed, that the information would be offensive to the ordinary and reasonable person, and that the disclosure was done for the purpose of reporting embarrassing facts about the plaintiff.  (Am. Compl. ¶¶ 111-114; *see, infra* n. 1.)  The twelfth claim of

3526639.1

the amended complaint alleges that: (1) Davis knew that plaintiff had an employment contract with a prospective Federal government employer; (2) Davis and other TIGTA employees sent the six letters to it; and (3) the TIGTA employees' transmission of the letters was designed to, and did interfere with, plaintiff's prospective and/or contractual employment with the Federal employer. (Am. Compl. ¶¶ 115-130.) Plaintiff seeks monetary relief from the seventh, eighth, ninth, tenth, eleventh, and twelfth claims contained in the amended complaint.

Statement of Defenses Raised by the Parties.

In connection with the six Privacy Act claims, Defendants posit that: (1) Rodney Davis did not prepare or send the six letters subject of the first amended complaint; (2) Davis acted within the scope of his employment at the time of the incidents about which plaintiff complains; (3) individual defendant Davis should be dismissed and TIGTA added, and to the extent damages may be awarded, the United States should also be added; and (4) Secretary Paulson should be dismissed because he is an improper party. And, in any event, no information protected by the Privacy Act was disclosed in the six letters subject of the amended complaint.

In connection with all the federal tort claims, the United States Attorney has certified that Defendant Rodney Davis acted within the scope of his employment at the time of the incidents alleged in the amended complaint. The United States, therefore, should be substituted for Davis. Secretary Paulson should be dismissed as a defendant because he is an improper party. In connection with count seven -the libel claim, count

4

ten- the false light claim, and count twelve- the intentional interference with prospective

employment/contractual relations claim, Defendants assert that the Court does not

have jurisdiction over these claims because 28 U.S.C. § 2680(h) has not waived

sovereign immunity with respect to them.

<u>Schedule of Witnesses to be Called By Defendants.</u>

Karen Thompson
Special Agent
    Special Inquiries and Intelligence Division (SIID)
    TIGTA Office of Investigations
    1125 15th Street, NW
    Washington, DC 20005
    202-927-7207

       Defendants expect to elicit testimony pertaining to her knowledge about how and who prepared and sent the six letters subject of the action, and the sources of the content of the letters.

Rodney Davis
Assistant Special Agent in Charge
    Washington Field Division
    TIGTA Office of Investigations
    600 Arch Street
    Philadelphia, PA 19106
    215-861-1003

       Defendants expect to elicit testimony pertaining to: (1) his knowledge of the existence of Report of Investigation and Supplemental Report of Investigation, and that he did not disclose the contents of it; and (2) plaintiff's work performance.

Randy Silvis
    Assistant Special Agent in Charge
    Special Inquiries and Intelligence Division (SIID)
    TIGTA Office of Investigations
    1125 15th Street, NW
    Washington, DC 20005
    202-927-0150

3526639.1

Defendants expect to elicit testimony pertaining to his knowledge of preparation of the Report of Investigation and Supplemental Report of Investigation, and that he did not disclose the contents of it.

Michael Delgado
   Assistant Inspector General for Investigations
   TIGTA Office of Investigations
   1125 15th Street, NW
   Washington, DC 20005
   202-927-7183

Defendants expect to elicit testimony pertaining to: (1)  his knowledge of the existence of Report of Investigation and Supplemental Report of Investigation, and that he did not disclose the contents of it; and (2)  plaintiff's work performance.

Steven Jones
Deputy Inspector General for Investigations
   TIGTA Office of Investigations
   1125 15th Street, NW
   Washington, DC 20005
   202-927-7160

Defendants expect to elicit testimony pertaining to his knowledge of the existence of Report of Investigation and Supplemental Report of Investigation, and this witness's lack of disclosure of it.

Trevor Nelson
   Special Agent
   Special Inquiries and Intelligence Division (SIID)
   TIGTA Office of Investigations
   1125 15th Street, NW
   Washington, DC 20005
   202-283-0847

Defendants expect to elicit testimony pertaining to his knowledge of preparation of the Report of Investigation and Supplemental Report of Investigation, and that he did not disclose the contents of it.

Gladys Hernandez
 Branch Chief
     TIGTA Office of Chief Counsel

3526639.1

1125 15th Street, NW
Washington, DC 20005
202-622-4068

The Defendants expect to elicit testimony regarding her access to the Report of Investigation and Supplemental Report of Investigation and whether she disseminated these reports.

Lori Creswell
Attorney
      TIGTA Office of Chief Counsel
      1125 15th Street, NW
      Washington, DC 20005
      202-622-4068

      The Defendants expect to elicit testimony regarding her access to the Report of Investigation and Supplemental Report of Investigation and whether she disseminated these reports.

Daniel Mummert
Assistant to the Special Agent-in-Charge
Special Investigations Division
U.S. Department of Housing and Urban Development
Office of the Inspector General
550 12th Street S.W., 3rd Floor
Washington, D.C. 20024
202 287-4100, ext. 4014

      The Defendants expect to elicit testimony about his knowledge about the general perceptions of TIGTA employees had about plaintiff and of the general organizational culture of TIGTA, and his involvement in the events of October 31, 2006.

<u>List of Exhibits to be Offered in Evidence by Defendants</u>.

      None.

<u>Designation of Depositions to be Offered by Defendants</u>.

      None.

<u>An Itemization of Damages Defendants Seek to Recover</u>.

3526639.1

Not applicable.


A Request for Other Relief Sought by the Party.

- Dismiss this action with prejudice.
- Alternatively, dismiss Secretary Paulson from all counts contained in the first amended complaint, dismiss Rodney Davis from all Privacy Act counts and add TIGTA, and to the extent damages may be awarded, the United States should also be added, dismiss Rodney Davis from all federal tort claims counts, and substitute the United States in his stead, and dismiss counts seven, ten, and twelve of the first amended complaint.
- Award such other and further relief as is just and proper in the circumstances.



Date: August 22, 2008.


                                             /s/ Carmen M. Banerjee
                                            GERALD A. ROLE, D.C. Bar No. 415274
                                            CARMEN M. BANERJEE
                                            Trial Attorneys, Tax Division
                                            U.S. Department of Justice
                                            P.O. Box 227
                                            Ben Franklin Station
                                            Washington, D.C. 20044
                                            Telephones:  (202) 307-0461
                                                         (202) 307-6423
                                            gerald.a.role@usdoj.gov
                                            carmen.m.banerjee@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing defendants' PRETRIAL STATEMENT was caused to be served upon plaintiff's counsel on the 22nd day of August, 2008, by filing and entering the same upon the electronic court filing website of the United States District Court for the District of Columbia.

/s/ Carmen M. Banerjee
CARMEN M. BANERJEE

3526639.1