UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

WILLIAM H. ARMSTRONG,    )
                         )
    Plaintiff,            )
                         )
v.                       )    Civil Action No. 1:07-cv-01963-JR
                         )
HENRY M. PAULSON, JR., et al.  )
    Defendant.           )

### PLAINTIFF'S PRE-TRIAL STATEMENT

Comes now Plaintiff William H. Armstrong, by counsel, and hereby files his Pre-Trial Statement.

### Statement of the Case

This is a Privacy Act tortious interference and slander suit arising out of a malicious attempt by officials at the office of the Treasury Inspector General for Tax Administration (TIGTA) to preclude William "Harry" Armstrong from securing employment as a law enforcement agent with the Department of Agriculture.

The underlying facts of this case are detailed in both Plaintiff's initial and amended Complaints, thus Plaintiff will not regurgitate them here. The essential point is that in mid-2006 William Armstrong, an Assistant Special Agent in charge at TIGTA's Special Investigation and Inspections Division, reported to Deputy Michael Delgado and others that Randy Davis, then the Special Agent in Charge, was repeatedly seen sleeping at this desk and was widely disliked by at least half of the Division's employees.

Unknown to Mr. Armstrong, Mr. Delgado, who was a "good friend" of Mr. Davis by Mr. Delgado's own admission, was unconcerned about Davis' apparent narcolepsy and lack of managerial ability, even though such habits should have disqualified Mr. Davis both as a

supervisor and as a manager. Instead, Mr. Delgado and Mr. Davis concocted a retaliatory investigation into Mr. Armstrong's computer usage and attempted to gin up criminal charges against Mr. Armstrong.

Messrs. Delgado and Davis directed Agent Randy Silvis to review Mr. Armstrong's use of non-tax information and non-law enforcement data bases.

For some time, Mr. Davis, in particular, was trying to get Mr. Armstrong dismissed, no doubt because Mr. Armstrong had not only challenged Mr. Davis' authority and competence, but because Mr. Armstrong had previously investigated Mr. Davis for Davis's loss of his government credentials. This occurred while Mr. Davis was on a business trip with Mr. Delgado; and it appears neither Mr. Delgado nor Mr. Davis reported or saw any significant security issue from Mr. Davis' loss of his law enforcement badge and other credentials.

Mr. Davis had attempted to challenge Mr. Armstrong on the extent of Mr. Armstrong's injuries in an automobile accident, and Mr. Davis repeatedly threatened Mr. Armstrong with adverse actions.

Mr. Armstrong attempted to defend himself against what he saw as whistleblower reprisal and improper treatment. Additionally, the matter caused a racial angle: Delgado and Davis are black, Armstrong is white.

Mr. Davis directed Agent Randy Silvis to review all of Mr. Armstrong's accesses to two computer databases, the PARIS system and AUTOTRACK. PARIS is an internal agency system that tracks various matters including investigations into employee misconduct. The AUTOTRACK database is a publicly available database with no specific application to TIGTA.

Mr. Davis forwarded a complaint of criminal violation to the USAO for the District of Columbia, which was quickly and summarily rejected in February, 2007. Mr. Armstrong filed a

2

complaint with the rather ineffectual Office of Special Counsel on the whistleblower issue and, seeing the writing on the wall, applied to the Department of Agriculture's Inspector General's Office in March, 2007. Mr. Armstrong fully disclosed to the interviewers and to Kathy Horsley, the IG's Director, the investigation and the fact that he had been cleared of any serious charges.

Initially, the Department of Agriculture declined to hire Mr. Armstrong; but in July, 2007, Ms. Horsley and the Department of Agriculture extended Mr. Armstrong a firm written offer of employment with a title, salary and start date.

In early August, 2007, Mr. Armstrong announced he would be leaving TIGTA and commencing employment with the Department of Agriculture. On August 13, 2007, the offending letters that formed the basis of this suit were sent to Agriculture. As a result of these letters, the Department of Agriculture withdrew its offer of employment.

Mr. Armstrong immediately filed this suit and a demand under the Federal Tort Claims Act for inter alia interference with prospective employment. Mr. Armstrong also filed a slander suit.

## Witness List

Plaintiff adopts the list of witnesses cited in its Rule 26(a)(1) disclosure and those cited by the government.

## List of Exhibits

A Plaintiff's Exhibit notebook is attached separately.

## Designation of Depositions

Plaintiff claims lost wages from the date the Department of Agriculture offer was withdrawn to the present and future wages to be determined by the Court for the loss of employment as a law enforcement agent at the GS-14, Step 7 pay grade from now until

Plaintiff's anticipated retirement date, plus a calculation of the monetary value of all leave and benefits associated with government employment and any statutory interest.

On the Privacy Act claim, Plaintiff seeks emotional distress and reputational damages in the amount of $350,000.00.

On the slander claim, Plaintiff seeks damages in the amount of $1,000,000.00.

On the intentional interference claim, Plaintiff seeks damages of $350,000.00.

Further, Plaintiff seeks all attorney fees and costs incurred as a result of this suit and a letter to the Department of Agriculture clearing Plaintiff of all misconduct and advising it of the results of the litigation.

Respectfully submitted,

WILLIAM H. ARMSTRONG,
*Appellant by Counsel*

**GRAD, LOGAN & KLEWANS, P.C.**

_____
Kevin Byrnes, VSB #47623
3141 Fairview Park Drive, Suite 350
Falls Church, VA 22042
Telephone: (703) 548-8400
Facsimile: (703) 836-6289
*Counsel for Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, 2008, a true copy of the foregoing Plaintiff's Pre-Trial Statement was delivered by electronic email to the attention of Defendant's counsel, as follows:

Gerald A. Role, Esq.
Trial Attorney, Tax Division
U. S. Department of Justice
P. O. Box 227
Washington, DC 20044
Telephone: (202) 307-0461
Facsimile: (202) 514-9641
gerald.a.role@usdoj.gov
*Counsel for Defendants*

/s/ Kevin Byrnes

Kevin Byrnes, DC Bar #480195
GRAD, LOGAN & KLEWANS, P.C.
3141 Fairview Park Drive, Suite 350
Falls Church, VA 22042
Firm Telephone: 703-548-8400
Direct Line: 703-535-5393
Facsimile: 703-836-6289
Email: kbyrnes@glklawyers.com
*Counsel for Plaintiff*